THE STATE OF NEBRASKA, EX REL THE ATTORNEY GENERAL, v. F. W. LEIDTKE, AUDITOR OF PUBLIC ACCOUNTS.

| 12 | 171 |
| 16 | 111 |
| 23 | 508 |
| 12 | 171 |
| 29 | 480 |
| 12 | 171 |
| c53 | 838 |
| c53 | 850 |

Fees of State Auditor. By sec. 24, Art. V, of the constitution, all fees earned or collected by the auditor of public accounts belong to the state, and are payable in advance into the state treasury. Fees for services performed by the auditor in making "statements for publication of life insurance companies, and procuring the same to be published, and issuing duplicate certificates, for both fire and life insurance companies" are no exception to this rule.

ORIGINAL application for mandamus. An alternative writ was issued at July Term 1880, and upon a hearing thereof, with return of respondent, and report of referree appointed to take testimony, a peremptory writ was awarded.

The alternative writ was as follows:

*The State of Nebraska,*

To F. W. Leidtke, auditor of public accounts of said state: *Whereas* it has been suggested to our supreme court, sitting in Lincoln, in said state, that you have ever since the 9th day of January, 1879, held the office of auditor of public accounts, duly qualified and now acting in that capacity; that during the time you have held said office, you as such auditor of public accounts, have received

the fcllowing amounts of money, to-wit: the sum of $1,165.37 as office fees as auditor of public accounts, and also the sum of $7,498 fees received on account of insurance, making in all the sum of $8,663.37, that said sums of money were received by you for fees charged as provided by law, and paid into your office of auditor of public accounts by different persons and insurance companies doing business in this state, and that during the same time you have also received the amount of salary provided for by the constitution at the rate of $2,500 per annum; that of said sums of money so as aforesaid received as fees, you have paid into the state treasury the sum of $1,103, leaving the amount of $7,560.37, which is now in your hands, and which it is your duty, as such auditor of public accounts, under the constitution and laws of the state of Nebraska, to pay into the state treasury; that, on the 28th July, 1880, in response to a demand on that behalf, duly made by Albinus Nance, governor of said state, directing you to pay said sum of $7,560.37, into the state treasury, you refused and still refuse so to do:

*Now therefore*, we being willing that speedy justice should be done in the premises, do command, that immediately upon the receipt of this writ, you pay into the state treasury the said sum of $7,560.37, or that you appear before the supreme court, at Lincoln, on Thursday, August 12, 1880, and have you then and there this writ with your return hereon of having done as you are hereby commanded, etc.

To the above the defendant made the following return:

And now comes the defendant, F. W. Leidtke, and for answer to the alternative writ of mandamus issued herein, admits that he is the duly elected and qualified auditor of public accounts of the state of Nebraska, and that since the 9th day of January, 1879, he has held said office and been acting in that capacity. That during the time

he has been acting as auditor of public accounts, as aforesaid, he has received as office fees belonging to said office for services rendered as auditor of public accounts, the sum of one thousand one hundred and sixty-five dollars and thirty-seven cents, and no more, and he alleges that he has paid all of said sum into the treasury of the state of Nebraska, and that he now holds the state treasurer's. receipts for said amount.

And the defendant further answering, says that between the 9th day of January, 1879, and the commencement of this proceeding, there has been paid to him by the insurance companies doing business in this state, for labor and services performed by him and his employees under the law, entitled: "Insurance companies," for examining the divers statements filed in his office by said insurance companies as required by sections 20 and 23 of said act, and for examining into the standing of said companies and issuing certificates of renewal as required by section 25 of said act, and for issuing certificates of authority to the various agents of said companies throughout this state, as required by section 24 of said act, the sum of six thousand, eight hundred and fifty-two dollars. But this defendant alleges that the services rendered by him and his employees as aforesaid constituted no part of his official duties as auditor of public accounts, but wholly separate and distinct therefrom, and that the services rendered by him for the insurance companies were reasonably worth the amount received by him therefor.

And the defendant further answering, says that he has performed divers services for the various insurance companies doing business in this state, outside of any official duty, and has expended money and incurred obligations, at the instance and request of the said companies, which services consisted in preparing statements for publication of life insurance companies and procuring the same to be published, and issuing duplicate certificates for both fire.

and life insurance companies, the examination and publication of which statements, and the issuing of such duplicate certificates, are not required by any law of this state, but which services were rendered by this defendant outside of his official duties for said companies at their instance and request, and for which said companies paid this defendant the sum of six hundred and forty-six dollars.

And this defendant further says that the services rendered by him for the insurance companies as last aforesaid, were reasonably worth $646.00. That there is no law directing or requiring this defendant to render the services for which the amount of money last aforesaid was paid, and that said money was not, nor any part thereof, collected as fees due under any statute of this state, and that the rendition of said services were no part of the duties imposed upon him by law as auditor of public accounts.

And the defendant further answering admits, that during the time he has discharged the duties of auditor of public accounts, he has drawn his salary as stated in the writ,

And the defendant further answering, denies each and every allegation in said writ, not hereinbefore specifically admitted or denied.

*C. J. Dilworth, Attorney General,* in personam.

*Brown & Marshall* and *Mason & Whedon,* for respondent.

LAKE, J.

The sole question presented upon this relation and the agreed facts, is simply whether the fees collected by the respondent, while acting as auditor of public accounts, for services rendered by him in administering the act relative to " Insurance Companies," belong to the state, or to him. In view of the following provision of the con-

stitution of this state, the question seems to us to be a very simple one.

Sec. 24, Art. V., after fixing the salaries of various state officers, including that of the auditor of public accounts, provides that, " they shall not receive, to their own use, any fees, costs, interest upon public moneys in their hands or under their control, perquisites of office, or other compensation, and all fees that may hereafter be payable by law for services performed by any officer provided for by this article of the constitution, shall be paid, in advance, into the state treasury."

According to this provision, strictly speaking, all such fees should be paid in advance of the performance of the required service into the state treasury, the treasurer giving proper vouchers therefor, to be retained by the officer in his office as evidence of the required amounts having been so paid. But, inasmuch as the respondent received the fees in question to himself, and still retains the moneys, he must be held to have taken, and to hold them, in trust, for the use of the state, and in duty bound to hand them over to the state treasurer, the lawful custodian thereof.

As to the greater part of these fees, it is admitted that they were received by the auditor for strictly official duties required by said act, but the respondent contends that six hundred and forty-six dollars thereof were for services not official, which the insurance companies might have dispensed with, and which he was under no obligation to perform, but which he nevertheless did perform in compliance with their request. These particular services are described by the evidence as consisting of the preparation of " statements for publication of life insurance companies, and procuring the same to be published, and issuing duplicate certificates for both fire and life insurance companies." These fees, it is strongly urged, the respondent is entitled to retain as his own, in

any event. But we think otherwise; for although the services for which they were charged may not have been entirely indispensable to the proper enforcement of the law, they were at least semi-official, and were performed by him as the agent of the state, whose obligations and duties preclude the idea that he could, at the same time, be in the private service and pay of the insurance companies. This act for the regulation of insurance companies is an important one, and its due observance essential to the protection of the inhabitants of the state against manifold impositions and wrongs. It vests in the auditor of public accounts a large discretion, and very grave responsibilities, and public policy, as well as the due execution of the law, requires that he have no divided allegiance in its enforcement.

Section 32, of the act, provides the following fees, viz: "For examining and filing of the first application of any company, and issuing of the certificate of license thereon, fifty dollars, * * *; for filing each annual statement herein required, twenty dollars; for each certificate of authority, two dollars; for every copy of paper filed as herein provided, the sum of ten cents per folio, and fifty cents for certifying the same, and affixing the seal of office thereto." Now if the auditor, in violation of the law, exact larger fees than are here provided, or if the companies take a greater number of certificates of authority than are necessary, or folios of written matter that could be dispensed with, such excess does not go to the benefit of the officer, but, like any other portion of fees earned by him, to the state, whose servant he is; and under the provision of the constitution that "all fees that may hereafter be payable by law for services performed by" such officer, must be duly accounted for. Such being our views, we must hold that all of these fees belong to the state, and a peremptory writ as prayed is granted.

WRIT ALLOWED.