STATE OF NEBRASKA, EX REL. T. J. CHESNEY, V. JOHN WALLICHS, AUDITOR OF PUBLIC ACCOUNTS.

Registration of Bonds: FEES.  Where a county presents its refunding bonds to the auditor for registration, it must pay one-fourth of one per cent upon the dollar for each bond registered.

ORIGINAL application for mandamus.

*Colby & Hazlett,* for relator.

*Isaac Powers, Jr., Attorney General,* for the respondent.

MAXWELL, J.

The county of Gage issued $100,000 of refunding bonds, and presented them to the defendant for registration, but refused to pay the fees provided by law for such services. This is an application to compel him to register said bonds free of charge to the county; and the only question presented is, whether the auditor is entitled to demand and receive such fees when a county issues refunding bonds.

Sec. 2, Art. XII. of the constitution, while limiting the amount of bonds that may be voted to ten per cent of the assessed valuation, which by a two-thirds vote may be increased to fifteen per cent, provides that "no bonds or evidences of indebtedness so issued shall be valid unless the same shall have endorsed a certificate signed by the secretary and auditor of state showing that the same is issued pursuant to law."  In 1883 the legislature passed an act "to authorize counties to issue bonds for refunding their bonded indebtedness, and provide for registering and certifying the same, and for levying a tax to pay the interest and principal thereof." [Comp. Stat., Appendix, 1883, 860.]

Sec. 5 of the act provides that "it shall be the *duty* of

the auditor of the state to register such substituted bonds, and of the secretary and auditor to certify the same," etc.

Sec. 3· of the "act to authorize the registration, collection, and redemption of county bonds," which took effect Feb. 25, 1875, provides that "the auditor shall be entitled to a fee of one-fourth of one per cent upon the dollar for each bond so registered, to be paid by the holder thereof." [Comp. Stat., chap. 9, sec. 12.] This provision has not been repealed and is still in full force.

The word "holder" evidently means the person presenting the bonds for registration, whether it be a corporation or a natural person. If a county desires to refund its bonded debt it will seek to do so because of the supposed advantage to be gained thereby. If expenses are to be incurred in certifying the new issue of bonds it would seem but just that the party to be benefited should sustain the same, and not the people of the state at large. The fees thus paid to the auditor are to be turned into the treasury of the state and are not for his personal benefit; but it is nevertheless his duty to collect the same. *The State v. Liedtke*, 12 Neb., 171. As the county refused to pay the fees provided in the statute for registering the bonds in question, and as it was not his duty to register the same without the payment of such fees, the writ must be denied.

WRIT DENIED.