THE STATE, EX REL. JAMES P. MILLER, PLAINTIFF IN ERROR, V. MILTON SOVEREIGN, DEFENDANT IN ERROR.

1. **County Clerk**: NUMERICAL INDEX: FEES. The numerical index of instruments affecting the title of real estate filed in the office of the county clerk, which he is required to keep, is a public record, and fees received by him for a certified copy of the same must be reported to the county board.

2. ———: ———: ———: MANDAMUS. Where the law has provided a tribunal to which the county clerk is required to report the fees received by him by virtue of his office, it is the duty of such tribunal to require him to make such report, and a mere taxpayer cannot (unless it refuses to act) proceed against such clerk by mandamus to return certain fees in his report.

ERROR to the district court for York county. Tried below before NORVAL, J.

*Sedgwick & Power,* for plaintiff in error.

*France & Harlan,* for defendant in error.

MAXWELL, J.

The defendant is county clerk of York county, and this action was brought by the relator, who is a resident and taxpayer of that county, to compel the defendant to include in his report of fees those received for abstracts of title. The court below found the issues in favor of the defendant and dismissed the action.

Sec. 78 of Chap. 18, Comp. Stat., provides that " the county clerk shall be *ex officio* register of deeds, and shall have the custody of, and safely keep and preserve all books, records, maps, and papers kept or deposited in his office; he shall also record, or cause to be recorded in suitable books, all deeds, mortgages, instruments, and writings authorized by law to be recorded in his office and left with him for that purpose." Sections 79 and 80 provide for an index and its form. Section 84 provides that "the county clerk shall keep an index as near as possible in the following form (giving form)."

Sec. 85 provides that " it shall be the duty of every person requiring any conveyance of realty, or interest therein, including mechanics' liens, to be entered upon said numerical index prior to the recording thereof, and no instrument shall be received for record by the county clerk until the same has been presented for transfer in said numerical index, and the fees provided by law for so entering the same on said index have been paid."

Sec. 86. "After such instrument has been so entered on said index, it shall be the duty of the county clerk to indorse on said instrument a certificate showing that the same has been indexed as herein required, and thereupon the clerk shall record said instrument as now provided by law."

Sec. 13 of chapter 28, Comp. Stat., provides that the county clerk shall receive "for recording deed, mortgage, or other instrument, for the first two hundred words seventy-five cents, for each ten words thereafter one cent. Copy of record, for each ten words one cent. Certificate and seal, twenty-five cents. Making abstract of title, for the first deed or transfer, one dollar; and for each additional deed or transfer, ten cents," etc.

Sec. 43 requires the clerk to make a report under oath to the board of county commissioners, on the first Tuesday of January, April, July, and October of each year, setting forth the different items of fees received, from whom, at what time, and for what service, and the total amount of fees received by such officers since the last report," etc.

It will be seen that the numerical index is made a public record upon which every instrument affecting the title to real estate, which the law requires to be filed in the clerk's office, must be entered before being recorded. In other words, each county is required to keep an abstract of the instruments affecting the titles to real estate as they appear of record in the clerk's office. The entering of such instruments on the numerical index is an official act of the clerk, for which he is allowed the sum of fifteen cents for each instrument as fees. He, in common with other officers, is required by section 409 of the code to give to any person on demand a certified copy of any public record in his custody, on payment of. the legal fees therefor. This certainly applies to all copies of a public record. A certified copy of the numerical index of any particular piece of real estate made by the clerk or his deputy is an official act of such officer, for which the statute fixes the fees. We are not aware of any provision which exempts the officer from reporting all fees received by him, including those for copies of the numerical index. If the law can be evaded by claiming such fees as notary public, why may it not be extended to any record or docu-

ment in the custody of the clerk?   Thus, as in this case, application is made to him or his deputy as *county clerk* for a certified copy of a public record, which is duly furnished, but certified by the deputy as *notary public*.   This we think cannot be permitted.   With the policy of the law requiring fees to be reported we have nothing to do.   If the law is oppressive an appeal must be made to the legislature for its modification; but so long as it is in force it must be complied with.

*Second.*   Objection is made to the right of the relator to maintain the action for the reason that he cannot directly require the defendant to account.   The rule is well settled that where the action is one of public right, such as to require a justice of the peace to hold his office in the precinct where he was elected, or on the organization of a new county the special county commissioners to canvass the votes cast for the county seat, etc., any citizen may maintain the action.   *State v. Shropshire,* 4 Neb., 411.   *State v. Stearns,* 11 Id., 104.   The reason is, that without the exercise of such power there is no assurance that the law will be enforced.   But where the law has provided a tribunal having special jurisdiction of the subject matter, and to whom officers must account, we are not aware of any case holding that a mere taxpayer in the first instance may proceed directly against the officer for an account.   The county board represent the county in its corporate capacity, and is expressly invested with authority to require the county clerk to render an account of the fees received.   The presumption is that the board has done its duty, and there is nothing in either the pleadings or proof in this case to negative that presumption.   What the right of a taxpayer may be in case of the refusal of the board to act it is unnecessary to determine, as the question is not before the court; but it is very clear that he cannot maintain the action until the board has refused to act.   The case is substantially like that of a stockholder in a private corporation proceeding

against the directors of the corporation for neglect or abuse of their powers. In such case the corporation must either actually or virtually refuse to prosecute the action. 3 Pom. Eq., § 1095, and cases cited.

We hold, therefore, that the county board is the proper party to require the defendant to account, and that the relator cannot in the first instance, at least, maintain the action. The judgment of the district court dismissing the action is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.