THE STATE, EX REL. THE BOARD OF SUPERVISORS OF
   BUFFALO COUNTY, V. HOMER J. ALLEN, COUNTY
   TREASURER, ETC.

County Treasurer: FEES. . It is the duty of the county treas-
   urer to make searches of the tax lists, books, and records in his
   care and custody as such county treasurer, and to make ab-
   stracts and copies therefrom, and attach his certificate and seal
   thereto, when lawfully demanded, and to demand and receive
   reasonable fees therefor.   And it is also his duty to enter in the
   fee book, to be kept by him for that purpose, every item of fees
   received by him, including those received for such abstracts,
   copies and certificates, and make quarterly report thereof to the
   county board.

ORIGINAL application for mandamus.

*George E. Evans, County Attorney,* for relator, cited:
Comp. Stat., Sec. 42, Ch. 28.    Sec. 491c, Code.    *State v.
Leidtke,* 12 Neb., 175.    *State v. Sovereign,* 17 Id., 175.

*Calkins & Pratt,* for respondents, cited:    *Bayha v. Web-
ster County,* 18 Neb., 131.    *U. S. v. Hill,* 7 U. S. Sup. Ct.
Rep., 510.

COBB, J.

This is an original application in this court, by the board
of supervisors of Buffalo county, for a mandamus against
Homer J. Allen, county treasurer of said county, requir-
ing him to enter upon his fee book, as such county treas-
urer, and report to the said board of supervisors, all fees
received by him for abstracts of searches of delinquent
taxes, tax sales, redemptions and incumbrances, as shown
by the books and records of his office, with his official cer-
tificate thereto, made for private individuals.

The relation sets out that the respondent is the duly

elected, qualified, and acting county treasurer of said county, and has been such treasurer from the 8th day of January, 1883, to the present time; that said respondent has, by virtue of his said office of county treasurer, the care and custody of the tax lists, books and records showing the incumbrances on real estate arising from taxation in the said county; that during his term of office as aforesaid, and while acting in the capacity of county treasurer of said county, the respondent has, at the request of divers parties requiring the same, made numerous searches of said tax lists, books, and records, and made out a great number of abstracts, copied therefrom, to which said respondent attached his certificate and seal, as county treasurer, for which he has charged and collected a large amount of fees, amounting to several hundred dollars, the exact amount of which is unknown; that said respondent has been furnished a fee book by said Buffalo county, but that he has failed, neglected, and refused to enter said fees in his said fee book, or to report the same to the board of supervisors of said county, on the first Tuesdays of January, April, July, and October of each year, or at any other time since the commencement of his term of office, and still neglects and refuses to enter said fees in his said fee book, or to report the same to said board of supervisors of said county, though often requested, etc. With prayer for a peremptory mandamus, etc.

The case was argued as upon general demurrer.

Section 42 of chapter 28, Comp. Stat., provides, "That every county judge, county clerk, county treasurer, and sheriff of each county, whose fees shall in the aggregate exceed the sum of fifteen hundred dollars each, for the county judge and county clerk, and two thousand dollars each, for sheriff and county treasurer, per annum, shall pay such excess into the treasury of the county in which they hold their respective offices, * * * *And provided further*, that if the duties of·the officers above named,

in any county of this state, shall be such as to require one
or more assistants or deputies, then such officers may re-
tain an amount necessary to pay for such assistants or dep-
uties, not exceeding the sum of seven hundred dollars per
year," etc.

Section 43 provides that, "Each of the officers named
\*   \*   \*   shall, on the first Tuesday of January, April,
July, and October of each year, make a report to the
board of county commissioners, under oath, showing the
different items of fees received, from whom, at what time,
for what service, and the total amount of fees received by
such officer since the last report, and also the amount re-
ceived for the current year."

Section 44 provides that, "each of the officers named
\*   \*   \*   shall keep a book, which shall be provided by
the county, and which shall be known as the fee book, and
shall be a part of the records of such office, and in which
shall be entered each and every item of fees collected,
showing in separate columns the name of the party from
whom received, the time of receiving the same, the amount
received, and for what service the same was charged."

The case of *State v. Sovereign*, 17 Neb., 175, was an
application for a mandamus against a county clerk to re-
quire him to report fees received for abstracts of title. In
that case it was claimed by the respondent that the ab-
stracts were not made by him as county clerk, but as a
notary public, which office he also held. The court held,
in effect, that an abstract of title was but a copy of the
entries in the numerical index, which the clerk was re-
quired by law to keep as a public record, and that fees
received by him for a certified copy of the same must be
reported to the county board.

It is urged by the respondent that this case is to be dis-
tinguished from that by the circumstance that, whereas
the law prescribes the fee to be charged by the county
clerk for an abstract of title, it prescribes none to be

charged by the county treasurer for similar services. This argument is certainly worthy of consideration, and yet I do not regard it as sufficient to overcome the letter of the statute, requiring "every item of fees collected" to be entered in the fee book, and reported quarterly. The argument is based chiefly upon the premises, false, I think, that a public officer can in no case demand fees for official services, except where the same, and the amount thereof, are prescribed by statute. It may, and doubtless does, often happen, in drafting a fee bill, that the legislature, by mistake or oversight, omits to name and prescribe a fee for some of the specific items of service of certain officers of the nature, kind, and character for which fees are ordinarily required, services often required by individuals and which the officers could not reasonably be required to perform gratuitously, where his compensation consists wholly of fees, nor which the public ought to furnish free where he is a salaried officer. Is it possible that in all such cases the services for which no fee is prescribed, whatever may be its nature, is voluntary and unofficial on the part of the individual holding the office, which he may render or refuse at his pleasure? I think not. ·Of this character are the certified copies of the books and records belonging to the office of the county treasurer expressly declared by section 137 of chapter 77, Comp. Stats., p. 611 (1887), to be "sufficient evidence to prove the sale of any real property for taxes, the redemption thereof, or the payment of taxes thereon." This certified copy, so far as it relates to the books and records belonging to the office of the county treasurer, can only be made by the county treasurer or his deputy, and yet the statute prescribes no fee for his services in furnishing such copy. It is nevertheless his official duty to furnish it when demanded, and to demand and receive a reasonable fee for the same.

It is the policy of the laws of our state, as far as practicable, in the nature of things, to make all state and

county offices salaried offices, and to make to the incumbents a fixed compensation, not dependent, ordinarily, upon the varying and accidental demands of the public for their services. Incident to such policy is the requirement which we have seen, that all county clerks, county treasurers, and sheriffs keep a book in which shall be entered each and every item of fees collected, and make quarterly report thereof to the county board. This is a reasonable requirement, and the terms of the statute are mandatory.

I think there can be no doubt of the right or of the duty of the county treasurer to collect reasonable fees for services of the kind named in the relation, nor that such fees fall within the meaning of the statute making it his duty to enter each and every item of fees collected in the book to be kept for that purpose, and to make quarterly return thereof, etc. The demurrer will therefore be overruled, and it having been stated at the hearing, by counsel for the respondent, that he did not desire to plead further, a peremptory mandamus will be issued as prayed.

JUDGMENT ACCORDINGLY.

THE other judges concur.