STATE, EX REL. FRONTIER COUNTY, v. GEORGE J. KELLY.

[FILED OCTOBER 14, 1890.]

1. **County Clerk:** FEES: SERVICES AS NOTARY PUBLIC. Where a county clerk, who is also a notary public, takes acknowledgments of deeds and mortgages, and takes affidavits and depositions as a notary public, it is his duty to enter upon his fee book as county clerk and report to the county board every item of fees received by him for such services.

2. ———: ———: SERVICES AS ABSTRACTER. The county clerk of a county containing less than 18,003 inhabitants is required to report to the county board all fees received by him for making and certifying to abstracts of title, although he may be a bonded abstracter, and performed the services as such abstracter.

3. ———: ———: SURPLUS: DISPOSAL. It is only the fees received by a county clerk which are in excess of the salary fixed by law that he is required to pay into the county treasury.

ORIGINAL application for *mandamus*.

*George H. Stewart, County Attorney,* and *W. S. Morlan,* for relator:

The clerk cannot evade his liability to the county by qualifying as a notary public and abstracter, and perform-

ing as such work which he is authorized by law to do as clerk. (*State v. Sovereign*, 17 Neb., 175.) He must report all fees whether official and fixed by law or not. (*State v. Leidtke*, 12 Neb., 171; *State v. Allen*, 23 Id., 454; *State v. Sovereign, supra.*) The evident intention of the legislature in repealing, in 1887 sec. 13, ch. 28, Comp. Stats., was to take from the clerk the business of abstracting, as the offices of clerk and abstracter are incompatible. (Paine, Elections, p. 131, sec. 157.)

*O. P. Mason*, and *Chas. E. Magoon, contra:*

The term fees, as used in secs. 42, 44, chap. 28, Comp. Stats., signifies a compensation allowed by law for *official* services. (*Harbor Master v. Southerland*, 47 Ala., 517; *Williams v. State*, 2 Sneed [Tenn.], 162; *Camp v. Bates*, 13 Conn., 9; Bouvier, L. D., "Fee.") As abstracting is not now an official duty, compensation therefor does not constitute a fee; and as the occupation of an abstracter is not an office, there can be no official incompatibility between it and the clerkship. *State v. Sovereign* rests upon the statute as it existed before the repeal of 1887, when abstracting was official. In *State v. Allen* the service rendered was specially enjoined upon the county treasurer. The county board alone is the proper party to make this application. (*State v. Sovereign*, 17 Neb., 176.)

NORVAL, J.

This is an original application for a writ of *mandamus*, to require the respondent to account and report to the commissioners of Frontier county, all fees collected and received by him, during his term of office as county clerk, for taking acknowledgments of deeds, taking affidavits and depositions, for making and certifying to abstracts of title, and to compel the respondent to pay such fees into the treasury of said county.

The answer alleges that the respondent, while holding the office of county clerk, held the position of notary public, and acted as such; that, as notary public, he took acknowledgments of deeds, took affidavits and depositions, and has received compensation therefor aggregating from $50 to $100, which he has not reported to the county board, because he is advised by counsel that he ought not to do so. The respondent, for further answer, says that on the 10th day of June, 1887, he filed his bond and qualified as an abstracter of title in said Frontier county, and that while holding the office of county clerk he made and certified to some abstracts of title, and charged and received fees therefor not exceeding the sum of $50, which he has not reported.

The relator filed a general demurrer to the answer.

Three questions are presented for our determination:

First—Is the respondent required to account for the fees received by him for taking acknowledgments of deeds, and for taking affidavits and depositions?

Second—Is he required to report the fees received for making and certifying abstracts of title?

Third—Is the respondent required to pay such moneys into the treasury of the county?

Sec. 90a of chap. 18 of the Compiled Statutes, 1889, provides that: "All county clerks and their deputies within the state of Nebraska shall have authority to administer oaths and affirmations in all cases where oaths and affirmations are required, and to take acknowledgments of deeds, mortgages, and all other instruments in writing, and shall attest the same with the county seal."

It will be seen that the above provision of the statute expressly authorized the respondent to take acknowledgments of deeds, mortgages, and other written instruments, and to administer oaths. The law having made it the duty of the respondent to perform these acts as county clerk, he is not relieved of entering the amount of money collected

for such services on his fee book, and reporting the same to the county board, on the ground that the acts were performed as notary public. (*State v. Sovereign,* 17 Neb., 175.)

It appears that the respondent, while holding the office of county clerk, qualified under the law as an abstracter of title, and as such abstracter made and certified to abstracts of title, and received compensation therefor, which he refuses to enter upon his fee book and report to the county board. Does the law make it his duty to account for these fees? If he was required by law to perform such services as county clerk, then unquestionably it was his duty to report the compensation received therefor, notwithstanding he did the work as an abstracter. It was held in the case of *State v. Sovereign, supra,* that where a county clerk makes abstracts of title, and certifies to the same as notary public, he must report the fees received for making the same to the county board. It is urged that the cited case is not decisive of the point we are now con-considering. When that decision was rendered section 13, chapter 28, Compiled Statutes, 1885, was in force. That section fixed the fees of county clerks for " making abstracts of title, for the first deed or transfer one dollar, and for each additional deed or transfer ten cents."

The legislature in 1887, having repealed the above quoted provision of section 13, there is now no law on the statute books fixing the compensation of county clerks for the making of abstracts of title. It is urged by the respondent that by the repeal of said proviso clause, county clerks are no longer under obligations to make abstracts of title. We do not agree to this proposition. The duty of a public officer to perform a particular act does not depend upon whether the legislature has prescribed the remuneration he shall charge therefor, but rather whether the law, in express terms or by implication, makes it his official duty to render such service. A similar question was before this court in *State v. Allen,* 23 Neb., 451. That was an

37

application for *mandamus* against Allen, the county treasurer of Buffalo county, to require him to enter upon his fee book and report to the county board, all fees received by him for abstracts of searchers of delinquent taxes, tax sales, redemptions, and incumbrances, as shown by the records in his office. The statute prescribed no fee for such services. Nevertheless it was held that it was his official duty to furnish such certificate when demanded, and to collect a reasonable fee for the same.

Sec. 85 of chap. 18, Comp. Stats., provides that " It shall be the duty of the register of deeds on receiving any conveyance or instrument affecting realty, including mechanics' liens, to cause such conveyance, instrument or mechanic's lien to be entered upon the numerical index immediately after filing the same."

Sec. 77c provides that in counties having less than 18,-003 inhabitants, the county clerk shall be *ex-officio* register of deeds and perform the duties enjoined by law upon such officer.

In *State v. Sovereign, supra,* it was held that an abstract of the title is but a copy of what appears on the numerical index, and that a county clerk is required to make a certified copy of the entries appearing on such record, when requested to do so, and to report the fees received therefor, notwithstanding the services were rendered by the clerk as a notary public. Upon the authority of the above case and that of *State v. Allen, supra,* it was the duty of respondent to perform the work as county clerk and report the moneys received by him therefor to the county board.

Is he required to pay to the treasurer of his county the compensation received for the taking of acknowledgments, affidavits, and depositions, and for making abstracts of title? Sec. 42 of chap. 28, Comp. Stats., requires county clerks whose fees in the aggregate exceed the sum of $1,500 per annum to pay the excess into the treasury of his county. It does not appear, either from the petition or

answer, that the total amount of fees received by the respondent exceeds the salary fixed by law and he cannot on this application be required to pay any of the fees collected by him over to the county treasurer.

Finally, it is insisted that this application is made by the wrong party, that the board of county commissioners is the proper party to require the defendant to account for these moneys. Without question the application could have been made in the name of the board, but that does not prevent the relator from asking the writ.

The county of Frontier is the real party interested in the accounting. The commissioners are merely representatives of the county and it is to them that the defendant is asked to render an account of the fees received. The demurrer to the answer will be sustained and a peremptory writ of *mandamus* will be issued.

WRIT ALLOWED.

THE other judges concur.