### THE STATE OF KANSAS V. H. H. OBERT *et al.*

1. COUNTY TREASURER—*Fees.* Fees received by county treasurers for issuing school-land receipts must be accounted for by such treasurers and deducted from the quarterly installments of their salaries the same as other fees. (*Comm'rs of Graham Co. v. Van Slyck*, 52 Kas. 622.)

2. ———— *Compensation—Accounting.* Where a treasurer receives compensation for making and certifying abstracts of title and for writing letters and giving information concerning taxes, etc., he is not required to report or account for the same as fees arising in the performance of official duties.

3. COUNTY, *Judgment Against—Payment in Good Faith.* Where judgment is properly rendered against a county, and the board of county commissioners orders the payment thereof from the funds of the county in the hands of the county treasurer, and such county treasurer, in pursuance of the order of the county commissioners, makes such payment in good faith, he cannot be compelled to return to or replace the same in the county treasury.

*Error from Rawlins District Court.*

THE opinion states the facts.

*John T. Little,* attorney general, for plaintiff in error.

*J. C. Cole,* and *Bertram & McElroy,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This case comes to this court upon an agreed statement of facts concerning certain fees which came into the hands of H. H. Obert, as county treasurer of Rawlins county, for two years from the second Tuesday of October, 1888, to October 14, 1890. Rawlins county has a population of more than 5,000, and less than 10,000. Section 4, Laws of 1875, provides:

"The county treasurers of the several counties of this state shall be allowed by the board of county commissioners of their respective counties, *as full compensation for their services,* the following salary: . . . In counties having a popula-

tion of more than 5,000 and not over 10,000, $1,500 per annum." (Gen. Stat. of 1889, ¶ 3023.)

Obert, as treasurer, collected $422.50 for issuing 1,690 school-land receipts. (Gen. Stat. of 1868, ch. 94, § 9; Laws of 1876, ch. 122, § 22; Laws of 1886, ch. 154, § 1.) We think that a county treasurer is required to account for these fees, in order that the amount of the same may be deducted from each quarterly installment of his salary. (Laws of 1875, ch. 93, §§ 3, 5; Laws of 1877, ch. 107, § 1.) See, also, *Comm'rs of Graham Co. v. Van Slyck*, 52 Kas. 622. It was held in that case that

"Under the general statutes relating to fees and salaries, county clerks are entitled to no more compensation than the salaries fixed by law; and all fees received by them for official services should be accounted for, and deducted from each quarterly allowance of salary."

I. Mr. Justice JOHNSTON, during his second term of office as attorney general, in the fourth biennial report of that office, page 88, used the following language:

"Fees arising from the sales of school lands must be accounted for by county treasurers and county clerks, and deducted from the quarterly installments of their salary, the same as other fees."

II. We do not think that the fees Obert collected for making and certifying abstracts of title, and in writing letters and giving information therein as to taxes, etc., should be reported or accounted for. Such services are no part of the official duty of a county treasurer, as that duty is defined by the statute. (*Mallory v. Ferguson*, 50 Kas. 685.)

III. It appears that in August, 1889, this court rendered judgment against Rawlins county for $768.10. Afterward the county commissioners ordered the payment of this money by the county treasurer. In pursuance of the judgment and the order of the board of county commissioners, Obert, the treasurer, paid the judgment. Notwithstanding the statute providing that the judgment against a county may be paid

by the levy and collection of a tax, as other county charges, we do not think that Obert, as treasurer, can be compelled, under the facts agreed upon, to return to or replace in the county treasury the $768.10, which was paid by him in good faith upon the order of the board of county commissioners.

The judgment of the district court will be reversed, and the cause remanded, with direction to enter judgment upon the agreed statement of facts for $422.50.

All the Justices concurring.