[No. 19420. In Bank.—April 11, 1896.]

## COUNTY OF SAN BERNARDINO, Appellant, *v* ALONZO S. DAVIDSON et al., Respondents.

Public Officers—County Recorder— Location of Mining Claims— Fees.—It is no part of the official duties of a county recorder, as such, to record notices of locations of mining claims, and any moneys which he may receive for so doing are not fees for which he or his bondsmen are accountable to the county.

Appeal from a judgment of the Superior Court of San Bernardino County. George E. Otis, Judge.

The facts are stated in the opinion of the court.

*Frank F. Oster,* and *L. M. Spencer,* for Appellant.

*Rolfe & Rolfe,* for Respondents.

McFarland, J.—This is an action on the official bond of defendant Davidson as county recorder of the county of San Bernardino. A general demurrer to the complaint was sustained by the court below, and, plaintiff declining to amend, judgment was rendered for defendants. Plaintiff appeals from the judgment.

The demurrer was properly sustained, and the judgment is right. By this action it is sought to hold Davidson and his bondsmen liable to the county for certain money paid to him during his term of office by miners for recording certain notices of locations of mining claims. But the statute concerning county recorders makes no provision for the recording of notices of locations of mining claims, and such recording is not within the purview of his official duties *as county recorder.* In certain mining districts there is a custom which requires a notice of location to be recorded, with some one selected as a mining recorder; and, in some of these districts, the county recorder is so selected. The purpose of the recording is to show a compliance with the mining customs; but this purpose, and the whole scheme, is entirely distinct from the statutory system of recordation by which parties are permitted to have transfers of property and certain other written instruments recorded in the county recorder's office, so as to give constructive notice thereof, and the county recorder is *required* to record the same when presented properly acknowledged or authenticated, as provided by statute —each kind of instrument to be recorded in a book to be kept for that purpose. A notice of a mining location in a recorder's book is "the original notice, not a record or copy of an independent original." (*Pralus* v. *Pacific etc. Co.*, 35 Cal. 36.) A statutory county recorder could no more be required to record a miner's notice of location than he could be required to furnish a miner with a pick or shovel. If he chooses to do so, he may transcribe such notice of location in a book, or collection of sheets of paper, which he has procured for that purpose; but if he do so he does it not as a county recorder

elected by the people, but as a person selected by the miners to do an act not provided for by the recordation laws of the state; and any moneys which they may pay him for such services are not fees for which he and his bondsmen are accountable to the county.

The cases of *Placer County* v. *Austin*, 8 Cal. 304, *McKee* v. *Monterey County*, 51 Cal. 275, and *People* v. *Bunker*, 70 Cal. 215, are not in point. In the first of those cases a tax-collector undertook to retain money, which he had received as such tax-collector, upon the ground that the taxes had been illegally levied; in the second case the defendant, as treasurer of Monterey County, had received certain moneys by the allowance of the controller, and sought to retain them upon the ground that the controller had exceeded his authority in making the allowance; and, in the third case, it was held that a commissioner of irrigation "having assumed to act *under a statute of the state*, and having collected moneys according to the letter of that statute, cannot be heard to say that the statute was in conflict with the constitution of the United States," and that therefore he was not bound to pay them over. In those cases the officers received the money as agents of the state or county upon the assumption that it was money belonging to the state or county; and they were decided upon the principle, that one to whom money has been paid by another for the use of a third person cannot, as against the third person, set up any illegality in the payment. But such was not the fact in the case at bar. The respondent did not receive the money upon the pretense that he was collecting it as the official agent of the county. He was not *ex officio* mining recorder, for there is no such officer created by the statute. And it is quite clear that the demurrer fully presents the question under review. The averment of the complaint is, that during Davidson's term of office "there existed a general custom and rule amongst the miners of said county to file for record, with the recorder of said county, notices of location of mining claims," and that he knew of such custom.

This presents the whole question; and the averment that he received the fees " as such recorder" does not change either the fact or the law.

The judgment is affirmed.

Garoutte, J., Van Fleet, J., Harrison, J., Henshaw, J., and Temple, J., concurred.