[L. A. No. 893.   Department One.—July 30, 1900.]

## COUNTY OF KERN, Respondent, v. CHARLES A. LEE et al., Appellants.

MINING CLAIMS—RECORD OF LOCATIONS AND PROOFS OF LABOR—PERMISSIVE LAW—DUTY OF RECORDER—ACTION UPON BOND FOR FEES.— Notwithstanding the repeal of the state mining law of 1897, which required all notices of location of mining claims and proofs of annual labor to be recorded in the county recorder's office, the permissive record thereof still allowed by the amendment of 1897 to section 1159 of the Civil Code makes it the duty of the county recorder, by the terms of the County Government Act, to record them, and to pay the fees received therefor into the county treasury, and, upon his failure to do so, an action will lie upon his official bond to recover the fees received by him for such record.

ID.—VALIDITY AND EFFECT OF RECORD NOT INVOLVED.—The validity or invalidity of the records as evidence of title or notice of claim is not involved in an action based upon the duty of the recorder to record instruments permitted by law to be recorded. Such duty does not depend upon the validity or effect of the instrument offered for record, or of the record thereof.

APPEAL from a judgment of the Superior Court of Kern County.   W. B. Wallace, Judge.

The facts are stated in the opinion.

Laird & Packard, and Rolfe & Rolfe, for Appellants.

J. W. Ahern, District Attorney, for Respondent.

HAYNES, C.—This action was brought by the county of Kern against Charles A. Lee, the county recorder of said county, and the sureties on his official bond, to recover eight hundred and twenty-eight dollars and sixty cents alleged to have been received by said recorder for recording notices of mining locations and proofs of labor thereon, between the first day of July, 1899, and the commencement of this action, viz., October 3, 1899, the complaint further alleging that he had retained and appropriated the same to his own use.

The defendants demurred upon the ground that the complaint did not state a cause of action, the demurrer was overruled, and, the defendants declining to answer, judgment was entered against them, and they appeal.

Appellants contend that between the dates covered by the complaint there was no law either authorizing or requiring notices of mining locations, or proofs of the performance of work thereon, to be recorded, and therefore the recording of them was voluntary and no part of the recorder's official duty. If this be true, the demurrer should have been sustained under the authority of *San Bernardino County v. Davidson,* 112 Cal. 503, cited by appellants.

The state mining law of 1897 required notices of mining locations and proofs of the performance of labor to be recorded in the county recorder's office, and declared that no record of a mining claim or millsite thereafter made in the office of the recorder of a mining district should be valid. (Stats. 1897, sec. 7, p. 214.)

On 'March 20, 1899, the act of 1897 was repealed, and the repealing act was given immediate effect. (Stats. 1899, p. 148.)

The act of 1897 prescribed what the preliminary notice of location and the certificate of location should respectively state, and after the repeal of that act we had no state law prescribing what a notice of location should contain. It has, however, from the inception of mining in this state been the common practice of the locators of mines to make written notices of locations, and this was recognized by the subsequent act of Congress (U. S. Rev. Stats., sec. 2324) permitting miners of a district to make regulations governing, among other things, the "manner of recording" their claims; but it is true the act of Congress did not in terms make the recording of location notices compulsory, and it has been repeatedly held that in the absence of a state or district requirement, the failure to record notices of location does not affect the validity of the location. (*Carter v. Bacigalupi,* 83 Cal. 188.)

It is therefore conceded that, during the time covered by the complaint, there was no law requiring these notices and proofs of labor to be recorded; but it is contended by respondent that

the law authorized them to be recorded; and, if that be true, the option whether they be recorded or not was with the mine owner and not with the recorder, and it was the recorder's official duty to record them when presented, upon payment of the fees prescribed by law. The question, therefore, is whether the law authorized or permitted these notices and proofs to be recorded.

The County Government Act (Stats. 1897, sec. 120, p. 484), prescribing the duties of the county recorder, provides: "He must, upon the payment of his fees for the same, record, separately: . . . . 12. Such other writings as are required or permitted by law to be recorded."

Section 1159 of the Civil Code, as amended March 9, 1897 (Stats. 1897, p. 97), provides: "Judgments affecting title to real property . . . . and notices of location of mining claims may be recorded, without acknowledgment, or certificate of acknowledgment, or further proof. . . . . Affidavits showing work or posting of notices upon mining claims may also be recorded in the recorder's office of the county where such mining claims are situated."

It is not necessary to pass upon the validity or invalidity of these records as evidence of title or notice of claim, since the duty of the recorder to record them, or any other instrument, does not depend upon the validity of the instrument offered for record, or the effect of the record, but upon the statute prescribing what may be recorded. The article in which said section occurs is devoted solely to "what may be recorded," and not to the validity or effect of the instrument or of the record of it.

The case of *San Bernardino County v. Davidson, supra,* upon which appellants rely, was decided in this court in 1896, prior to said amendment of said section, and the decision was based upon the fact that "the statute concerning county recorders makes no provision for the recording of notices of location of mining claims." That decision was right as the statute then stood, and is not in conflict with our conclusion that the judgment here appealed from should be affirmed.

Cooper, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.

Hearing in Bank denied.