STATE OF NEBRASKA, EX REL. BOARD OF COUNTY COMMIS-
SIONERS OF COUNTY OF LANCASTER v. PAUL HOLM.

FILED DECEMBER 16, 1903. No. 13,273.

1. **County Officer: ACCOUNTING.** A county officer is not required to
account for and pay over to his county money received by him
in payment for services performed for another, by private agree-
ment, which are no part of the duties of his office, and which are
not incompatible with, and are not included within, his official
duties.

2. ———: **DUTIES.** It is no part of the official duties of a register of
deeds to search the records of his office, to ascertain whether
persons signing a petition to obtain a liquor license are free-
holders.

3. ———: **COMPENSATION.** Such officer may, by agreement, perform
such services for persons who, under the rules of the excise board
of a city, are required to make proof of the qualifications of such
signers by his certificate, and may collect and receive such com-
pensation as may be agreed upon therefor.

4. ———: **ACCOUNTING.** In such a case, he must place the fee for his
certificate and seal on his fee book, and account for and pay the
same over to the county, if in excess of the salary allowed him
by law; but he can not be compelled to account for and pay over
the amount received by him for his labor in searching the records.

ERROR to the district court for Lancaster county:
EDWARD P. HOLMES, JUDGE. *Affirmed.*

*James L. Caldwell* and *William T. Stevens,* for plaintiff
in error.

*John M. Stewart* and *Thomas C. Munger, contra.*

BARNES, C.

The plaintiff in error filed its petition in the district
court against the defendant, praying for a writ of man-
damus to compel him, as register of deeds of Lancaster
county, to enter certain sums of money, received as here-
inafter stated, on his fee books, and to account for and
pay the same over to said county. Defendant filed his an-
swer to the alternative writ, and on the issues thus joined,

together with a stipulation or agreed statement of facts, the court rendered a judgment denying the writ and dismissing the relator's action. From that judgment the county prosecuted error.

It appears from the record that, during the time the defendant was the register of deeds of Lancaster county, the excise board of the city of Lincoln required every person applying for a saloon license in said city to obtain a certificate of the register of deeds, to the effect that the persons signing his petition were freeholders; that, during the defendant's two terms of office, he made search of the records and furnished such certificates for 224 applicants; that he charged each of such persons, for his investigation of the records, $3.50 and 50 cents for his certificate as register of deeds; that, in each case, he reported the 50 cents for the certificate, as fees, placed the same upon his fee book and duly accounted for and paid the same over to the county.

It further appears that his salary fixed by law was $2,500 a year; that he received and retained that sum for each fiscal year, which included the sums so reported for certificates as aforesaid; that he refused to enter the amount paid him for searching the records on his fee book, and refused to pay it over to the county, claiming that such service was no part of his official duties; that he had the right to contract with the applicants for his work in examining the records, and receive from each of them such a sum as they should agree to pay him for the services so performed. It is contended, however, on the part of the relator, that the sums so received by the defendant were collected and received by him by virtue of his office; that he was entitled to receive only $2,500 a year from all sources, and that, therefore, the court erred in denying the writ and dismissing the action. This is the sole question presented for our consideration.

It may be stated at the outset that, if the services, for which respondent received the money in question, were any part of the duties of his office, he would be required

to account for and pay the same over to the relator; and it would make no difference whether the statute prescribing such duties fixed the amount of compensation therefor, or whether the amount was fixed by the agreement of the respondent and the person for whom he performed the service. Counsel for the relator contends that the money was received because of respondent's official position, and the judgment should be reversed because of the rule announced in *State v. Sovereign*, 17 Neb. 173. In that case the acts performed by Sovereign were a part of his official duties, and it was held that he could not, by making his certificate as a notary public instead of county clerk, avoid accounting for the fees which were fixed by law for the performance of those duties. We are also cited to the well known case of the *State v. Leidtke*, 12 Neb. 171. In that case Leidtke, who was the auditor of public accounts, performed certain duties in administering the law relating to insurance companies. Those duties were required of him by virtue of his office, and the fees therefor were fixed by law. The statute further provided that such fees should be paid to him as auditor. It was contended that, for that reason, he was entitled to retain those fees in addition to the amount of his salary as fixed by law and the constitution. It was held that the constitution required these fees to be paid to the state treasurer, and Leidtke was, for that reason, ordered to account for and pay the same over to the state.

Counsel also calls out attention to the case of the *State v. Wallichs*, 16 Neb. 110. The only question involved in that case was whether or not a county, presenting its refunding bonds to the auditor for registration, must pay one fourth of one per cent. on the dollar for each bond registered as provided by law. Our attention is also called to *State v. Kelly*, 30 Neb. 574. In that case it was held that, where a county clerk, who was also a notary public, took acknowledgments of deeds, mortgages, affidavits and depositions, as a notary public, it was his duty to enter upon his fee book, as county clerk, and report to the

county board, every item received by him for such services, under the rule laid down in *State v. Sovereign, supra.* It was further held that he could not retain the fees received by him for making and certifying abstracts of title, which was a part of the duties of his office, although he was at that time a bonded abstracter. The relator relies also on the case of *State v. Hazelet,* 41 Neb. 257. In that case the county clerk insisted that he was entitled to receive, retain, and not account for and pay over to the county, the fee of $2 for furnishing the sheriff with a certificate of liens and incumbrances, in cases of appraisals and sale under decrees of foreclosure and on execution. It was held that it was a part of the official duties of the clerk to furnish such certificates, when requested to do so by the sheriff; that he was entitled to collect therefor the sum of $2 in each case, which he must enter upon his fee book and account for, notwithstanding the duty was performed by his deputies outside of regular office hours. *State v. Silver,* 9 Neb. 85, is also relied on by the relator. Silver was the county clerk of Lancaster county, and claimed that extra compensation should be allowed him by the board of commissioners for making the tax list and duplicates; his claim was disallowed, and it was held that a public officer must discharge all of the duties pertaining to his office for the compensation allowed by law, and that he can not be allowed compensation for extra work unless it is authorized by statute. We are further cited to *Bayha v. County of Webster,* 18 Neb. 131. The only question presented in that case was whether or not the clerk was entitled to extra compensation for making out the tax list, and it was again held that a public officer must discharge all the duties pertaining to his office for the compensation allowed by law; that he can receive no compensation for extra work unless it is authorized by statute. Lastly, our attention is called to the case of *Heald v. Polk County,* 46 Neb. 28, where the same question was involved and was decided in the same way as in the case last above mentioned.

42

It is further contended that, even if it was not the official duty of the respondent to perform these services, yet he was the county's officer, and the custodian of its books and seal, and that he can not be heard to say that he performed them as an individual. To sustain this view the relator cites *Blaco v. State*, 58 Neb. 557. An examination of that case discloses that the decision is based, as in all of the foregoing cases, on the fact that the fees were received on account of official services provided for by law, and the particular point decided was, that the respondent must account for such fees whether he performed the services regularly or irregularly; and that his bondsmen could not escape liability on the claim that the services were irregularly performed.

So it would seem that our decision must be based upon the sole question as to whether or not the services rendered for the applicants, as above stated, were a part of the official duties of the respondent. If they were, then he must account for and pay over the money received therefor to the relator. If, however, they were no part of his official duties, then the question falls within the rule announced in the case of the *State v. Obert*, 53 Kan. 106, 36 Pac. 64, where it was held that a county treasurer who, for compensation, made searches and answered letters of inquiry and charged therefor, without a statute authorizing a charge, did not have to report such fees except for his certificate alone. The law of Kansas on this question, is the same as the law of this state. It was provided by the Kansas statutes that, in counties having a population of more than five thousand and not over ten thousand, the treasurer should receive $1,500 per annum; and that he should account for and pay over to the county, all of the money collected by him as fees in excess of that amount. It was stated in the body of the opinion that, under the general statutes relating to fees and salaries, county officers are entitled to no more compensation than the salaries fixed by law; and that all fees received by them for official services should be accounted for, and deducted

from each quarterly allowance of salary.  The court further said:

"We do not think that the fees Obert collected for making and certifying abstracts of title, and in writing letters and giving information therein as to taxes, etc., should be reported or accounted for.  Such services are no part of the official duty of the county treasurer, as that duty is defined by statute," citing *Mallory v. Ferguson*, 50 Kan. 685, 32 Pac. 410.

The same rule was announced in the case of the *County of San Bernardino v. Davidson*, 112 Cal. 503, 44 Pac. 659. In that case it was shown that it was a custom of miners to have the county recorder record notice of mining claims. There was no statute requiring such work, but the clerk kept a record and charged for it.  It was held that it was no duty imposed by law and no fees were fixed by law for it, and hence he need not account for such fees.  The case of *Cornell v. Irvine*, 56 Neb. 657, seems to throw some light on this question.  There it was said that where a state officer has rendered services outside of, and not incompatible with, his duties as such officer, it is not proper for the auditor of public accounts to refuse to issue a warrant in payment of such extra services, merely because the salary of such officer was already paid for the period during which said extra services were rendered.  And so it was held that judge Irvine was entitled to receive compensation for lectures delivered to a law class of the state university, and that such services were not incompatible with, and were not included within the scope of, his duties as supreme court commissioner.  We have recently held, in *Shepard v. Easterling*, 61 Neb. 882, that a county judge might be allowed the sum of $300 by the county board, for docketing several hundred old cases, and for making an index to the records of the probate court, because such services were extra official; in other words, that the county judge could not be required, as a part of the duties of his office, to perform the services which should have been performed by his predecessor, and, although no fees were fixed

by law for the performance of such services, he could contract with the commissioners to do that work, and would be entitled to receive the amount agreed upon, over and above the amount of fees which he could retain during his current term.   In the case at bar, it can not be contended that the respondent was obliged to perform the services in question as a part of his official duties.   The rule of the excise board of the city of Lincoln was in no manner binding upon him.   He could not be compelled to perform any duties or services, except such as the statute enjoined upon him.   As a strict matter of law, there seems to be no reason why he could not contract with the persons applying for saloon licenses, to search the records for them and receive such compensation therefor as might be agreed upon. The fact that such services were performed by his deputies, who had received payment from the county for their services, or that they were performed by himself personally, we are not at liberty to consider, because no competent offer to prove that fact was made by the relator. While the conduct of the respondent may be of doubtful propriety, and while, perhaps, from an equitable standpoint, the money in question ought to be paid to the relator, yet these matters can not be taken into consideration by us in deciding this case.   The question presented is whether or not, as a matter of law, the respondent can be compelled to account for and pay over the money in controversy herein.   It appearing that the services rendered by respondent were no part of the duties of his office, we are constrained to hold that the money paid him therefor, under private contract or agreement, can not be recovered by the relator, and, therefore, the district court did not err in denying the writ and dismissing the action.

For the reasons above given we recommend that the judgment of the district court be affirmed.

ALBERT and GLANVILLE, CC., concur.

By the Court: for the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.