[L. A. No. 3191.    Department Two.—March 26, 1914.]

## HUGHES MANUFACTURING AND LUMBER COMPANY (a Corporation), Respondent, v. L. L. ELLIOTT, Appellant.

APPEAL—DENIAL OF RELIEF FROM DEFAULT JUDGMENT—PRESENCE OF COUNSEL IN COURT—NOTICE OF ENTRY.—The necessity for notice of the entry of an order denying a motion for relief from a default judgment is not obviated by the fact of the presence of counsel in court during the argument of the motion. His presence does not imply actual knowledge, either of the making or of the entry of the order, and the time to serve and present the bill of exceptions on appeal from the order does not begin to run immediately upon the decision of the court under such circumstances.

ID.—NOTICE OF ENTRY OF JUDGMENT—WHEN UNNECESSARY.—In order to deprive an appellant of his right to written notice of the entry of an order or judgment, there must be facts of record clearly indicating a waiver of such notice.

ID.—BILL OF EXCEPTIONS—FAILURE TO PRESENT IN TIME—RECORD.—Where the respondent contends that the bill of exceptions was not presented in time, but the bill is settled over his objection, it is his duty to have the matter incorporated in the bill. Otherwise it must be presumed that the court acted within its proper authority when it proceeded to settle the bill.

ID.—DEFAULT JUDGMENT—REFUSAL TO OPEN—ABUSE OF DISCRETION.—The trial court abuses its discretion in refusing to open a default judgment where the defendant's affidavits make a strong showing of excusable neglect and allege a substantial defense as against the plaintiff's unverified complaint, and no answering affidavits are filed.

APPEAL from an order of the Superior Court of Los Angeles County refusing relief from default judgment. J. P. Wood, Judge.

The facts are stated in the opinion of the court.

Frank J. Thomas, and Irving M. Walker, for Appellant.

Sheldon Borden, and George H. Moore, for Respondent.

MELVIN, J.—The defendant appeals from an order deny-ing his motion to be relieved under section 473 of the Code of Civil Procedure, from a money judgment taken against him by default.

Respondent objects to the consideration by this court of the bill of exceptions on the ground that it was presented and settled after the time allowed by law.   Appellant's motion was made on November 14, 1911.   On that date it was denied and the order was entered upon the minutes of the court.   The notice of appeal was served on January 4, 1912, and on Janu-ary 10th service of the proposed bill of exceptions was accom-plished.   Counsel insist that since a motion must be made *viva voce,* it must be presumed that the parties were in court; that the order was made in their presence; and that appellant therefore had actual notice of the decision of the court which was equivalent to served notice or a waiver thereof.   Meas-ured by this interpretation of the law, they assert that de-fendant's time to serve and present his bill of exceptions began to run immediately upon the decision of the court.   (Citing *Estate of Keating,* 158 Cal. 111, [110 Pac. 109].)   That authority does not sustain their contention.   It was there held that the filing of a notice of appeal was a waiver of the notice of the entry of the order appealed from.   In the present case there is no record of the service upon appellant of any notice of the entry of judgment.   The fact that his counsel must have been in court during the *argument* of the motion to set aside the default, does not imply actual knowledge either of the making or the entry of the order.   Under the terms of the statute (Code Civ. Proc., sec. 650), appellant was entitled to notice of such *entry* and he did not bring himself under the rule announced in *Estate of Keating,* 158 Cal. 111, [110 Pac. 109], until he filed his notice of appeal.   That was on January 4, 1912.   The rule is that in order to deprive an appellant of his right to written notice of the entry of an order or judgment there must be facts of record clearly indi-

cating a waiver of such notice. In *Mallory* v. *See,* 129 Cal. 359, [61 Pac. 1124], after reviewing the cases in which the conduct of appellants had been held to constitute waiver this court said: "The rule would, therefore, seem to be that written notice of filing of decision is in all cases required, unless waived by facts appearing in the records, files or minutes of the court; and it follows that actual notice or knowledge other than written notice is insufficient in any case unless it appears, from facts thus evidenced, that written notice was waived." Part of this language was quoted with approval in the opinion in the case of *Gardner* v. *Stare,* 135 Cal. 119, [67 Pac. 5]. It was held in that case that by the act, evidenced upon the record, of obtaining an order for the stay of execution, appellant had waived written notice of decision. In *Estate of Richards,* 154 Cal. 482, [98 Pac. 528], *Mallory* v. *See* is again approved, as it is also in *Estate of Keating,* 158 Cal. 111, [110 Pac. 109], cited by respondent. The record before us discloses no act on the part of appellant or his counsel amounting to a waiver of his rights to a formal notice of the entry of the order in accordance with section 650 of the Code of Civil Procedure.

But respondent makes the further contention that the bill of exceptions was not presented in time as required by section 649 of the Code of Civil Procedure, which requires such presentation to occur within ten days after written notice of the making of the decision. In any event, say respondent's counsel, appellant had full knowledge of the order as early as the fourth day of January, 1912, when his notice of appeal was served and filed, but the bill was not presented to the court for settlement until February 19, 1912, more than forty days after his waiver of written notice. In reply appellant's counsel say that while it appears that the bill was settled and allowed over respondent's objections on the date last referred to, there is nothing to indicate when the objections were made. It is not shown by the record, they say, when the bill was presented and the presumptions are all in favor of the regularity of the proceedings. Appellant's position is correct. *Henry* v. *Merguire,* 106 Cal. 144, [39 Pac. 599], cited in opposition to this theory, does not sustain respondent's argument. In that case it was held that the failure to present a bill within ten days after service of the proposed

amendments is fatal unless an excuse for the delay be set forth in the bill of exceptions itself, but in that case it affirmatively appeared upon the face of the record that appellant served notice upon his adversary that the statement and amendments would be "presented" on a certain date which was after the time allowed by statute for such presentation. That case is authority against respondent, for the court there said (quoting from Hayne on New Trial and Appeal) : "If the judge overrules the objection and proceeds to settle the statement the party must have his objection and the matter in its support incorporated in the statement. When so incorporated it may be urged as a reason why the motion should be denied, both in the lower court upon the hearing of the motion and in the supreme court upon appeal from the order granting or refusing the motion." In other words it was the duty of respondent to have matter incorporated in the bill which would affirmatively show that the bill of exceptions was not presented in time. Otherwise it must be held that the court acted within its proper authority when it proceeded to settle the bill. The foregoing discussion disposes of respondent's preliminary objections whether we regard the proceedings with reference to the bill to have been taken under section 649 or section 650 of the Code of Civil Procedure.

We will now proceed to discuss the appeal upon the merits. The motion, as above indicated, was made in accordance with the provision of section 473 of the Code of Civil Procedure. Appellant freely admits, as indeed he must, that such a motion is addressed to the sound legal discretion of the court, but he contends that the order from which he appeals was an abuse of the court's discretion.

From the affidavit of the defendant it appears that he was president of the Oil & Metals Bank & Trust Company. On February 11, 1911, plaintiff filed two unverified complaints, each for the sum of $13,077.15, one naming the bank as a defendant and the other naming the president. The cause of action set forth in each complaint was for goods, wares, and merchandise sold and delivered and for labor and services performed. Summons was not served in either case until September 15, 1911, but Mr. Elliott knowing of the filing of the complaints had discussed the matter with his attorney, Frank J. Thomas, Esq. On that day he was served with

summons in each case and immediately he delivered both documents to Mr. H. H. Scott, the cashier of the bank, with the request that the latter deliver them to Mr. Thomas, who was his personal attorney and also attorney for the banking corporation. He also collected some papers which were in his opinion relevant to the two suits and gave them to Mr. Scott with orders that they should be filed with the secretary of the bank so that they would be easily available for the use of the attorney in the absence of Mr. Elliott from the city. On October 12, 1911, defendant left the city of Los Angeles and did not return until the thirty-first day of that month, when he learned for the first time that a judgment by default had been entered against him. He further alleged in his affidavit that the bases of the suits were certain goods, wares, and merchandise sold and delivered and labor furnished to the bank by plaintiff in June, 1907; that for all of these things plaintiff had been fully paid and overpaid; that he personally had never been indebted to plaintiff; that he has "fairly, fully and truly stated all of the facts and the grounds of defense to the complaint and cause of action in this suit to said Thomas, attorney at law, and counsel for affiant, and he has been informed and advised by said Thomas, and therefore believes and states that he has a good defense to said cause of action and to the whole thereof, upon the merits."

Mr. Scott declared in his affidavit that the bank went into the hands of a trustee upon September 6, 1911, and that for several weeks thereafter the affairs of the institution were thrown into great confusion; that owing to the discharge of many of the old employees new and unforeseen duties were placed upon affiant; that he had no recollection of receiving the summons from Mr. Elliott, but that he did remember the receipt of some documents relating to plaintiff's claims which he gave to Mr. E. G. Derby, an employee of the bank, with instructions that the papers be placed on the files of the bank; that in doing so he inadvertently delivered the copies of the complaints and summonses in the two cases to Mr. Derby. That gentleman by affidavit corroborated Mr. Scott in the matter of the receipt of the papers and the filing of them as ordered, and it was shown by his affidavit and that of Mr. Lyon, another employee, that the true nature and importance of the writings were not discovered until the latter part of

October, 1911.   No answering affidavits were filed on behalf of the plaintiff.

That the affidavits present a strong showing of excusable neglect is apparent and they should have prevailed over the unverified complaints to move the court to grant the relief requested.   True it is that applications under section 473 of the Code of Civil Procedure are addressed to the discretion of the court and it has been said that "unless the record clearly shows that the court has abused its discretion, its order, whether it be to grant or deny the application, will be affirmed." (*Ingrim* v. *Epperson,* 137 Cal. 371, [70 Pac. 166].)   That there was an abuse of discretion we are satisfied.   It was proper and natural that Mr. Elliott should intrust to the cashier not only the summons in the case against the bank, but also that in the action against him personally. It appears that the two suits were practically identical and the same attorney was acting for both defendants.   Under his solemn oath the defendant has declared that he never was personally indebted to plaintiff.   He has with like solemnity averred that whatever supposed claim plaintiff had against him had arisen in June, 1907, but that no suit was filed until February, 1911, after which summons was not served until more than half a year had elapsed.   Respondent has not shown such haste as would lead us to believe that hardship would result in opening the default to the end that a trial may be had upon the merits.   Affiants have alleged under oath a substantial defense as opposed to the unverified averments of the complaint.   Defendant should be given an opportunity to present such defense.   Otherwise he might be deprived of very important rights, "whereas it may be assumed, if nothing to the contrary is shown, that the plaintiff will be able at any time to establish his cause of action." (*Nicoll* v. *Weldon,* 130 Cal. 667, [63 Pac. 63].)   Such has long been the policy of this court. (*Malone* v. *Big Flat Gravel M. Co.,* 93 Cal. 384, [28 Pac. 1063]; *Grady* v. *Donahoo,* 108 Cal. 211, [41 Pac. 41]; *Mitchell* v. *California & Oregon Coast S. S. Co.,* 156 Cal. 576, [105 Pac. 590]; *Downing* v. *Klondike M. & M. Co.,* 165 Cal. 786, [134 Pac. 970].)

Criticism is made of the affidavit of merits because Mr. Elliott states therein "that he has fairly, fully and truly stated all of the facts and grounds of defense to the com-

plaint and cause of action'' in the suit to his attorney. Respondent's counsel declare the affidavit insufficient because it fails to allege that defendant stated ''the facts of the case.'' This we think is hyper-criticism, especially so in view of the circumstance that the affidavit also contains a verified declaration of facts which amounts to a complete answer to the unverified complaint.

The order is reversed.

Henshaw, J., and Lorigan, J., concurred.