<div style="margin-left:0">URQUHART<br>v.<br>SCOTT.</div>

The only items which are supported, even in part, by the evidence, are those for the payment of accounts alleged to have been owing to *T. C. Anderson*, *J. M. Johnson* and *Burbridge & Adams*.

As respects *Anderson's* account, the evidence wholly fails to establish an indebtedness exceeding the credit to which the minors are entitled, viz: $2,281 05. A large portion of the account consists in drafts paid by *Anderson*, the consideration of which, with one or two exceptions, is not shown, and in loans of money to *Scott*. The supplies, except such as were absolutely necessary for the management of the plantation, are not chargeable to the minors, and those are not shown by the evidence to exceed the credits above referred to.

The same remarks are applicable, in part, to the account of *Burbridge & Adams*. It is not shown that the articles enumerated therein, ever accrued to the benefit of the minors. Even if the court were to give the plaintiff the benefit of a presumption to that effect, so far as respects the materials for the construction of a sugar house, it would not benefit the plaintiffs in their litigation, for allowing a credit for the assumed value of these materials, there would still remain a balance against the plaintiffs upon their account, and the allowance of a credit for the payments made to *Johnson*, would not alter the result.

An objection has been made to our consideration of the correctness of the judgment appealed from, on the ground that *C. H. Beauchamp* has appealed in his own name, and not in his capacity as under-tutor. It was as under-tutor, that *Beauchamp* intervened; it was as intervenor, that he appealed, and he is expressly so designated in the order of the court, and the appeal bond is signed by him as under-tutor.

We think he stands before this court as properly representing the minors.

It is ordered that the judgment appealed from be reversed; that there be judgment in favor of the intervenor and against the plaintiffs; that the plaintiff's claim be rejected, so far as it affects the said minors, *Paunel, Henry* and *Fanny Scott*, or their said tutor, in his capacity as such, reserving to said plaintiffs their claim against the said *Edwin B. Scott*, individually. It is further ordered that plaintiffs pay costs in both courts,

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## SUCCESSION OF W. IRWIN—Opposition of CASHEU.

There is no principle of law which forbids a man who is threatened with violence, or deems it necessary to his personal security, to employ about him persons capable of rendering him efficient assistance in time of need.

APPEAL from the parish of St. Landry, *Dupré*, J. *Overton*, for opponent and appellant. *Martell & Hardy*, for the succession.

MERRICK, C. J. The testator, in the language of one of the witnesses, having been assaulted, and "having apprehensions for his life or great bodily harm," retained the opponent as his protector. He kept him about his person and was in the habit of sending away those who came to employ *Casheu*, who was a carpenter. He stated repeatedly, that he preferred paying five dollars a

day, than to let the opponent go. *Irwin*, by his will, bequeathed *Casheu* $100, but it is shown that *Casheu*, who was present, stated that he did not wish to be put in the will.

The testimony leaves no doubt that *Casheu* was employed as a protector by *Irwin*, and that the latter expected to pay him the value of his services.

We know no principle of law which forbids a man who is threatened with violence, or deems it necessary to his personal security, to employ about him persons capable of rendering him efficient assistance in case of need. Wharton Am. Crim. Law, 389.

The opponent is not compelled to content himself with the legacy which is not shown to have been intended as a remunerative donation, but may recover for his services. The length of time he was in the employment of the testator, has not been established with much certainty, and, we think, two hundred and fifty dollars a sufficient allowance.

It is, therefore, ordered, that so much of the judgment of the District Court as rejects the opposition of *Henry Casheu*, be reversed; that the said *Casheu* be recognized as a creditor of said succession, for the sum of two hundred and fifty dollars, and legal interest thereon, from the filing of said opposition; and that said opponent be placed upon the tableau of distribution for said sum, *as a creditor;* and that the costs of the appeal, as well as of the lower court, on the opposition, be borne by the succession of said *William Irwin*, deceased.