## ISAAC C. BROWN v. O. L. GODFREY.

*Duties and fees of sheriff. Contract for extra reward.*

It is the duty of a sheriff or constable to execute process against offenders within his jurisdiction for the fees provided by law, and he cannot recover any extra or additional reward for such services. But *aliter* as to services rendered outside of this precinct. For the latter he may lawfully contract for and recover an extra compensation.

BOOK ACCOUNT. The facts in the case are sufficiently stated in the opinion of the court.

The county court, at the September Term, 1859,—BARRETT, J., presiding,—rendered judgment for the plaintiff, to which the defendant excepted.

*Heaton & Reed,* for the defendant.

*Dillingham & Durant,* for the plaintiff.

KELLOGG, J. It is the duty of a sheriff or constable to pursue, search for and arrest offenders against whom he may hold process, if they are within his jurisdiction, for the compensation or fees provided by law, to be paid as the law directs, and without any other fee or reward. Within his jurisdiction he is the officer of the law, doing the work of the public, and is not in any sense the agent or employee of any private prosecutor. He is not allowed to stipulate for any extra or additional reward for such services, and any contract between him and a private person for such reward would be set aside and held as prohibited, as contravening public policy and being manifestly injurious to the public interests as connected with the proper administration of justice. But an officer has no authority, and is not bound, to search for offenders outside of the line of his jurisdiction, and if he should go in pursuit of an offender beyond or without his jurisdiction, his services, while thus without his jurisdiction, would be those of a private person, as beyond his jurisdiction he would not have any official character or authority ; and for the payment of such services he would be allowed to stipulate by contract like any private person.

Brown *v.* Godfrey.

The auditor finds that one Lackey was charged with having in this State forged and passed in payment to the defendant certain promissory notes ; that the defendant applied to the plaintiff, who was a deputy sheriff of this county, to go in pursuit of Lackey, and that the plaintiff declined going in such pursuit beyond his jurisdiction unless the defendant would become personally liable to him for his trouble and expenses ; that it was agreed that the plaintiff should go in pursuit and search of Lackey, and that the defendant should pay the plaintiff for his trouble and expenses on his return ; that the plaintiff accordingly did go in pursuit of Lackey, and succeeded in arresting him at Hartford, in the State of Connecticut, and brought him to Vermont, to answer to the charge against him ; that for this service the plaintiff's charges, for which he seeks to recover in this suit, were made ; and that these charges were reasonable for the service performed. The amount of fees received by the plaintiff from the State, as credited in his account, may be presumed (no question being made to the contrary,) to cover so much of these charges as were for his services and expenses while acting within his jurisdiction. On these facts the defendant is clearly liable for the remaining portion of these charges, and the only question which is left in the case is, whether that liability was subsequently satisfied or discharged. Whatever reason there may be to believe that in the proceedings against Lackey a criminal prosecution was made use of to accomplish private ends, it is certain that the facts reported do not tend to show that the plaintiff was a party or privy to any illegal purpose of the defendant in reference to that prosecution at the time of rendering the services which are the subject matter of this action, or that he subsequently interfered in any manner with that prosecution. If the defendant's liability to the plaintiff for the services in question was complete when those services were rendered, the subsequent proceedings in reference to the prosecution could have no effect to discharge it.

The judgment of the county court is affirmed.