# WASHINGTON COUNTY,

[CONTINUED FROM PAGE 92.]

---

\* ANSON DAVIS *v.* WILLIAM D. MUNSON.

### *Sheriff. Reward.*

A sheriff acting in reliance upon a general offer of a reward for the capture of a criminal, is entitled to the reward the same as though not a peace officer, where he succeeds in making the capture, having no process in his hands.

ASSUMPSIT to recover a bounty offered by the defendant for apprehending two criminals or persons that escaped from jail. Plea, the general issue. Trial by jury, March term, 1870, PECK, J., presiding. The facts are stated in the opinion of the court.

The defendant's counsel claimed and requested the court to charge that the plaintiff could not recover the reward for the reason that he was an officer, a deputy sheriff, at the time. The court decided that if he went in pursuit and arrested the prisoners, relying on the offer of the reward at the time and intending to claim and receive it, as his evidence tended to show, the fact that he was a deputy sheriff would not be a bar to his recovering the reward, and instructed the jury accordingly. To this ruling the defendant excepted. No other exception was taken to the charge, and the rest of the charge was not given. Verdict for the plaintiff for $200 and interest from the time plaintiff demanded the reward.

*Heaton & Reed, Randall & Durant,* for the plaintiff.

*Wales & Taft, H. Ballard* and *B. F. Fifield,* for the defendant.

---

\* Tried, August term, 1870.

The opinion of the court was delivered by

STEELE, J.,   Three persons in the Chittenden county jail broke from their confinement and escaped into Washington county.   Immediately after their escape, the defendant, who was the sheriff of Chittenden county, advertised a general offer of a reward of $100, for the capture of each prisoner.   In reliance upon this offer the plaintiff went in search of them and succeeded in capturing two of the number, which would entitle him to recover of defendant $200 unless the fact that he was at that time a deputy sheriff in Washington county disentitles him to the reward.

Upon the facts as detailed, the plaintiff had authority to arrest these prisoners without process and as a peace officer.   It would, in a general sense, have been his duty to do so if they had been pointed out to him under circumstances to assure him of their identity and to lead him to apprehend reasonable danger of losing them if he waited for process.   But the fact that he had this authority and was under this general duty did not put him, having no process in his hand, under any specific official obligation to look them up.   There is no provision of law which requires him to do so, or provides fees for his services in so doing.   If on making search for them he had been unsuccessful, he would have been entitled to no compensation either from the defendant or the state.   Even if successful, he would have had no legal claim against the state, whether entitled to a reward from the defendant or not.   The most that can be said is that the legislature, in their discretion, usually provides by special act for the compensation of officers for such service, when successful, if rendered without reward from others.

The plaintiff being under no specific official obligation to enter upon the detective service for which he would not be legally entitled to pay from the state, he is clearly a person who might engage in it in reliance upon the offer of this reward, unless the service was inconsistent with his official relations.   So far from being inconsistent with them, it was specially appropriate to them.   To hold that the plaintiff could not recover, would be to exclude peace officers from compensation for detective criminal service, unless employed by the state.   This we think would be very un-

Davis v. Munson.

reasonable and impolitic. These views do not conflict with the case *Brown* v. *Godfrey*, 33 Vt., 120. In that case the officer held process against Lackey and he was bound to execute it. His services in this state were chargeable as fees upon that process. He was therefore allowed to recover of the defendant for such only of his services as were outside the state, and therefore not under command of his process. The case is also broadly distinguished from *Pool* v. *Boston*, 5 Cush., 219. The plaintiff in that case was a watchman, employed by the city of Boston. While engaged in the performance of his regular duties under his engagement with the city as watchman, he discovered and arrested an incendiary setting fire to a house. He then claimed a reward of $2000 which the city had offered for the detection and conviction of any incendiary. The plaintiff having done what he was hired and paid to do, independant of the reward, the court properly held that he could not recover. This case would be like that one, if the plaintiff had been employed by the defendant for a fixed compensation by the day to search for these prisoners. If he had thus agreed beforehand upon a fee for his services, he would of course have been limited to a recovery of the stipulated compensation. His time and skill used in detecting the criminals would, under such circumstances, have been the property of his employer, and not his own, and therefore could not be the basis of a claim against his employer.

Judgment affirmed.