ORRILUS W. STUDLEY *vs.* ALBERT F. BALLARD.
HERBERT A. NORTHROP *vs.* SAME.

Hampden.   September 28, 1897. — October 20, 1897.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Contract to pay Officer for Services outside his Duty, for which the Law allows
no Fee — Consideration.*

A contract to pay a deputy sheriff for his services outside the line of his duty, for
which the law allows him no fee, such as for his time, travel, and outlay in or-
der to get information before filing complaints for search warrants for intoxi-
cating liquor, is good.

TWO ACTIONS OF CONTRACT, by deputy sheriffs, to recover
for services and disbursements in connection with certain seizures
of liquor.   At the trial in the Superior Court, without a jury,
before *Wardwell,* J., the defendant requested a ruling that the
actions could not be maintained because his promise was with-
out consideration, and because the contract was illegal and void.
The judge refused so to rule, and ordered judgment for the plain-
tiff in the first case in the sum of $15.61, and in the second case in
the sum of $13.52; and the defendant alleged exceptions.   The
facts appear in the opinion.

*J. L. Rice,* for the defendant.

*W. W. Leach,* for the plaintiffs.

HOLMES, J.   The place of seizure was the town of Hampden.
The plaintiffs lived in Palmer.   There were other deputies nearer,
but the defendant especially desired and requested the plaintiffs
to do the work, and promised to pay them.   The case is here,
after a finding for the plaintiffs by a judge without a jury, upon
an exception to a refusal to rule that the contracts were without
consideration and illegal.   That broad question is the only one
before us.   It appears that the plaintiffs, at the defendant's
request, went to Springfield to get evidence upon which to found
complaints, and advice as to the best manner in which to proceed
in serving the warrants, and subsequently made complaints,
obtained warrants, and served them.   We must assume that the
judge found that the defendant's promises referred to the pre-

liminary or outside work and expenditures, and that the trips to Springfield recovered for fall within the promises as thus construed. No question is raised by the exceptions on these points.

It follows that the exceptions must be overruled. The rule of law is simple. A contract to pay an officer for doing his official duty, or to pay him a sum in addition to his statutory fees, cannot be enforced. *Pool* v. *Boston*, 5 Cush. 219. *Brophy* v. *Marble*, 118 Mass. 548. *Hatch* v. *Mann*, 15 Wend. 44. But a contract is good to pay him for services outside the line of his duty for which the law allows him no fee. *Davis* v. *Munson*, 43 Vt. 676. *Trundle* v. *Riley*, 17 B. Mon. (Ky.) 396. *England* v. *Davidson*, 11 Ad. & El. 856. In *Shattuck* v. *Woods*, 1 Pick. 171, 175, it is said that, if an officer returns an execution unsatisfied by consent of the creditor and has incurred any expense, he must look to the creditor for his recompense.

We cannot say that the plaintiffs have been allowed to recover for anything except their time, travel, and outlay in order to get information before filing the complaints. In *Davis* v. *Munson, ubi supra*, a deputy sheriff who went in pursuit of escaped prisoners and recaptured them was held entitled to a reward which had been offered. In these cases, as in that, the plaintiffs were under no " specific official obligation " to look up information, and apart from the defendant's promises would have been entitled to no pay for their trouble or expense. It does not appear that what they did fell within Pub. Sts. c. 100, § 43, and it is unnecessary to consider what the effect of that section would be.

*Exceptions overruled.*