JOHN N. LEACH *vs.* M. FRANK EASTMAN.
M. FRANK EASTMAN *vs.* JOHN N. LEACH.

Suffolk. March 4, 1902. — October 30, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Attachment.*

Without the written consent of the plaintiff and defendant or an order of court an attaching officer is not entitled to charge for keeper's fees or custody of property a greater compensation than that allowed by statute or for a longer period than ten days. Pub. Sts. c. 199, § 6. R. L. c. 204, § 10.

TWO ACTIONS, one of contract or tort against M. Frank Eastman, a deputy sheriff, for money retained by him as charges out of the proceeds of a sale on execution, and the other by Eastman against the plaintiff in the first action for further charges for keeper's fees and custody of property under an alleged agreement. Writs dated respectively April 28 and May 11, 1901.

In the Superior Court the cases were tried together before *Hardy*, J., without a jury. The judge made the ruling stated by the court and ordered a verdict for the plaintiff in the first case in the sum of $265.22 and a verdict for the defendant in the second case. Eastman, the defendant in the first case and the plaintiff in the second case, alleged exceptions.

*F. T. Benner*, for Eastman.

*F. S. Hesseltine*, for Leach.

LORING, J. The first of these two actions is an action to recover from a deputy sheriff the balance of a sum of money collected by him on an execution in favor of the plaintiff against the Leach Motor Vehicle Company. The balance sued for was retained by the deputy sheriff as partial payment of money due in part under an alleged oral agreement, by which the defendant had agreed to pay him for keeper's fees and custody beyond the

ten days specified in Pub. Sts. c..199, § 6. The second action is brought by the deputy sheriff to recover the amount due in part under said alleged agreement after deducting the moneys retained by him out of the sums collected on execution.

The attachment giving rise to the questions here in suit was made on September 12, 1900. The personal property attached consisted of "all the stock, machinery, and fixtures in the factory occupied by the defendant." The ten days specified in St. 1878, c. 272, § 1 (Pub. Sts. c. 199, § 6, R. L. c. 204, § 10) expired on September 22. At the request of the attaching creditor made by word of mouth, the officer "did not remove the attached property at the expiration of the ten days, but kept the machinery in the factory in charge of a keeper." About October 1, the attaching creditor got possession of the factory in question under one Taber who held a mortgage on it, and who had entered for breach of the conditions of the mortgage, and proceeded to use the machinery held under the attachment in carrying on the manufacturing business which had been carried on by the defendant in the attachment suit, until October 15, when the defendant in the attachment suit notified the officer "not to permit" the attaching creditor "to use the machinery."

On February 25, 1901, the sheriff seized the machinery on execution and sold the larger part of it March 1. This sale was not carried through and the property was resold on April 13 of that year.

The four items in dispute are: Item 4, for keeper's fees from October 16 to November 22, 1900, inclusive, $76; Item 5, for custody from September 12, 1900, to February 25, 1901, $83; Item 7, for custody from March 5 to April 13, 1901, $23.50; and Item 8, for day and night keepers' fees from March 5 to April 13, 1901, $156.

The presiding judge ruled, at the request of the plaintiff in the first action and of the defendant in the second action, that "in the absence of written consent or special order of the court as provided by Public Statute, Eastman" (the officer who made the attachment) "could not charge and retain from the money derived from sale on execution for keepers' fees and custody a greater compensation than that allowed by statute, or for a longer period than ten days."

We are of opinion that this ruling was right.

It was said in *Rogers* v. *Simmons*, 155 Mass. 259, that "It is an important principle, founded on considerations of public policy, that the right of officers to charge for the service of a legal process is found only in the statutes, and is limited by their provisions. In *Cutter* v. *Howe*, 122 Mass. 541, it was decided that an officer had no right to appoint a keeper of personal property attached, and put him in permanent charge of it, but that it was his duty as soon as may be after the attachment to remove the property from the possession of the debtor, and take it into his own immediate possession. Soon after this decision, the Legislature passed the St. of 1878, c. 272, (Pub. Sts. c. 161, §§ 42, 43, c. 199, § 6,) authorizing the appointment and payment of keepers of personal property attached or taken on execution, and strictly limiting the length of time for which they might be retained, and the price which might be paid them, without a special order of the court. This must be held to cover the whole subject of appointing and paying keepers, and, under a fair construction of it, payment may be made only 'for the keeper while he is in charge.' "

We think that this is the true construction to be given to the act, and that the Legislature, in passing this act, intended to deal with the whole subject; it provided what should be done to maintain an attachment by a keeper after ten days in place of moving and storing the goods attached; and although an attachment which is maintained by a keeper after the expiration of ten days, where the statute is not complied with, is a legal attachment, we are of opinion that the act, by omitting to provide that any fee or expenses should be due in such a case, leaves the officer without remedy for the expenses so incurred and for the services so rendered.

We have not overlooked that, in the absence of statute, an officer can recover reasonable compensation for services rendered outside of his official duty; see *Studley* v. *Ballard*, 169 Mass. 295, and cases there cited; also *Shattuck* v. *Woods*, 1 Pick. 171, 175.

*Exceptions overruled.*