## CROSBY COUNTY CATTLE CO. v. McDERMETT.   (No. 2607.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 10, 1926.)

**1. Officers ☞94.**

Public officer may not receive compensation other than provided or permitted by law for performance of his official duties.

**2. Taxation ☞549(3)—Tax collector may recover for services in making certified list from tax records in his office showing taxes paid and by whom on particular parcel of land (Rev. St. 1925, art. 7324).**

Tax collector must, under Rev. St. 1925, art. 7324, furnish statement showing delinquent taxes on request, but need not make certified list from tax record showing that taxes have been paid and by whom on any particular tract, and therefore he may recover for such services performed, on request.

**3. Trial ☞339(4)—Substantial change by jury in verdict 13 days after they had been excused from case held not "correction of defective verdict" and to be reversible error (Rev. St. 1925, art. 2207).**

Change by jury increasing verdict from $300 to $400 13 days after they had been excused from considering case *held* not "correction of defective verdict," within Rev. St. 1925, art. 2207, and hence constituted reversible error.

Appeal from Crosby County Court; Jake M. Mabe, Judge.

Action by John D. McDermett against the Crosby County Cattle Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

W. P. Walker, of Crosbyton, and Penix, Miller & Perkins, of Mineral Wells, for appellant.

W. P. Jones, of Crosbyton, for appellee.

JACKSON, J. This suit was instituted in the county court of Crosby county, Tex., by plaintiff, John D. McDermett, against Crosby County Cattle Company, Inc., defendant.

Plaintiff alleged that he was employed by the defendant to compile a tax list covering a period of years from 1901 to 1917, inclusive, of the Z Bar L lands situated in Crosby county, comprising about 80 tracts; that he performed the service in good faith, securing an expert assistant to do the work, whom he agreed to pay $500, and that such sum is a reasonable sum for the services rendered; that he had received $100 on account for such services, but the defendant failed and refused to pay the balance of $400, for which amount he sought recovery. The defendant answered by general demurrer and general denial.

On special issues submitted by the court, the jury found, in effect, that the defendant requested plaintiff to do the work; that the work was done; and that the reasonable value thereof was $400. On these findings the court entered judgment against the defendant, who is appellant, for the sum of $400, and in favor of plaintiff, who is appellee.

[1, 2] Appellant, by a number of assignments which may be considered together, challenges as error the action of the trial court in admitting, over its objections, testimony as to the reasonable value of the services sued for, and in refusing a requested peremptory instruction in its behalf, because, according to the uncontroverted evidence, appellee was the duly qualified, elected, and acting sheriff and tax collector of Crosby county, Tex., at the time the service was requested, and at the time it was performed, and under the law, he was not entitled to recover for such services, for the reason that he was a county official, with the records, from which lists were prepared, under his control.

Appellant, by letter, requested appellee to make a certificate showing the payment of the taxes on the 80 tracts of land for the years 1901 to 1917, inclusive, and by whom paid, and send to appellant, together with bill for services. The purpose for which appellant desired the certificates was "to show payment of taxes before they became delinquent, so as to establish 5 years' limitation."

Article 7324 of the Revised Civil Statutes of 1925 provides that the tax collector of a county shall, on the demand of any person, firm, or corporation, furnish a statement duly certified from the delinquent tax records of the county showing the amount of taxes delinquent or past due and unpaid against any particular lot or tract of land for each year that it may appear delinquent. But there is no law in this state making it the duty of the tax collector to make a certified list from the tax records in his office showing that the taxes have been paid and by whom paid on any tract or parcel of land.

It will be observed that the certificate requested was to show that the taxes were paid and by whom paid, and not for the purpose of disclosing taxes that were delinquent and unpaid.

A public officer is not entitled to receive, for the performance of his official duties, any compensation other than such as is provided and permitted by law, and cannot recover for the performance of acts within the

scope of his official duties. "But an officer may earn a reward, if he is under no obligation because of his official character to do the particular act for which the reward is promised. The general principal prohibiting public officers from receiving rewards for the performance of their official duties does not prevent them from entering into agreements with private individuals to render unofficial services in consideration of direct compensa-·tion being paid for such services." 22 R. C. L. par. 235, p. 540.

In Morris v. Kasling, 15 S. W. 227, 79' Tex. 147, the Supreme Court holds:

"As to acts an officer is under no obligation to perform because of his official character, he stands as do any nonofficial persons, and what they may lawfully do he may do, and contracts they may make and enforce he may make and enforce. Morrell v. Quarles, 35 Ala. 544; Gilmore v. Lewis, 12 Ohio, 285."

In United States v. Mosby, 10 S. Ct. 327, 133 U. S. 273, 33 L. Ed. 625, the Supreme Court says:

"Neither in the regulations of 1874 nor in those of 1881 is there any designation, as an official service, of the examination of the subjects of China, Japan, or any other Oriental country, known as coolies, carried as passengers on board of any vessel other than a vessel registered, enrolled, or licensed in the United States. Therefore the consul, in examining Chinese emigrants going to the United States on foreign vessels, did not perform a service required by law or by the regulations, or any service specified in any tariff of fees, or any official service. The fees received for such service, being paid voluntarily to the consul by the person to whom it was rendered, became the private property of the consul and not the money of the United States. This view is not varied by the fact that the person employed the consul to render the service because he was consul, or by the fact that the consul attached his seal as evidence of his official character, because he was not required by any law or regulation to use either his seal or his title of office officially, nor was any fee prescribed for the service in any tariff of fees."

See, also, Northrop v. Ballard, 47 N. E. 1000, 169 Mass. 295, 61 Am. St. Rep. 286; State v. Holm, 97 N. W. 821, 70 Neb. 606, 64 L. R. A. 131. These authorities, we think, are decisive against appellant's contention.

[3] The appellant urges as error the action of the court in reassembling the jury after they had reached and returned a verdict into court, which had been accepted and filed, and in permitting the jury to reconsider their finding on the amount allowed, and make a substantial change therein.

In answer to a special issue submitted by the court, the jury found that reasonable compensation for the services performed by appellee was $400. The verdict of the jury was returned on August 4, 1925, accepted by the court, and filed by the clerk. The court then discharged the jury from further con-

sideration of this case, and advised them that they were excused until the 17th day of August, 1925, when they should return for further services at that term of the court. Thereafter, on the same day, appellee filed a motion setting up that the jury intended to answer that $500 was reasonable compensation for the work done, and that the answer of the jury finding $400 for such services was a mistake. On the 17th day of August, 1925, the jury returned, and counsel for appellee called the attention of the court to his motion to have the jury correct their verdict, and the judge called the six jurors who had returned the verdict on August 4th, and stated that a report had come to him that there might have been some error in the verdict, and that they would please go out into the jury room and reconsider the matter, and handed to one of the jurors the verdict which had theretofore been returned. The jury left the courtroom and returned to their room, and shortly thereafter returned into court, having changed the answer to said special issue to read $500 instead of $400, and, upon inquiry by the court, stated that the verdict as changed was their verdict, which was accepted, and judgment rendered by the court thereon. No evidence was offered on the motion, and counsel for appellant objected to the action of the court in permitting the jury to reconsider their verdict, and objected to the court receiving the changed verdict, and to the court's stating to the jury that information had come to him that there might have been some error in the verdict as returned on August 4th.

Article 2207 of the Revised Civil Statutes of 1925 provides that, if the verdict is informal or defective, the court may direct that it may be reformed at the bar, and, if not responsive to issues submitted, the court may call the jury's attention thereto and send them back for further deliberation.

The answer of the jury finding that $400 was the reasonable value of the services rendered by appellant to appellee was neither informal nor defective. It was an accurate expression of the judgment of the jury after consideration of the testimony as to the reasonable value of the services rendered.

Appellee alleged that the reasonable value of the services was $500 and that he had received $100 on account, and the change made by the jury was a substantial one, increasing the amount of the judgment to which appellee was entitled from the sum of $300 to $400. This was not correcting a defective verdict, but a new finding made 13 days after the jurors had been excused from considering the case, substantially different from the one first returned. This, we think, was error. Wichita Valley Ry. Co. et al. v. Southern Casualty Co. (Tex. Civ. App.) 273 S. W. 680; Hughes-Buie Co. v. Vasquez (Tex. Civ. App.) 202 S. W. 525; Goodson v. Houston & T. C. Ry. Co. (Tex. Civ. App.) 189 S. W. 82; Deni-

son & P. S. Ry. Co. v. Giersa et al. (Tex. Civ. App.) 50 S. W. 1039; Salinas v. Stillman et al., 25 Tex. 12.

For the error of the court in reassembling the jury and permitting them to reconsider the case and make a substantial change in the verdict, the judgment is reversed, and the cause remanded.