## No. 11,272.

## FARMERS UNION MILLING AND ELEVATOR COMPANY, ET AL. *v.* SMITH, SHERIFF.

Decided April 5, 1926.

Action by sheriff to recover amount paid custodian of chattel property seized under defendant's writ of attachment.   Judgment for plaintiff.

### *Reversed.*

1.   ATTACHMENT—*Custodian—Fees.*   Under section 7882, C. L. '21, a custodian for chattel property taken under a writ of attachment may only be appointed by the sheriff upon the written request of plaintiff or his attorney or by a subsequent written acknowledgment or recognition of a previous oral request.

   In the case under consideration it is held under the facts disclosed that there was a sufficient written recognition of a previous oral request for a custodian at a compensation of one dollar a day.

*Error to the District Court of Larimer County, Hon. Robert G. Smith, Judge.*

Mr. C. E. JOHNSON, for plaintiffs in error.

Mr. PAUL W. LEE, Mr. GEORGE H. SHAW, Mr. WILLIAM A. BRYANS, III, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

ACTION by the sheriff Smith to recover of the defendant elevator company, along with other items, what he paid to the custodian of the chattel property which he seized under defendant's writ of attachment.   There was

a judgment for plaintiff in the sum of $1,385.72 which included the custodian's fees. The elevator company is here with its writ to review that judgment.

The part of the judgment objected to is the compensation for the custodian. The principal question for decision is whether under the evidence there can be any recovery at all for this item. Section 7882, C. L. 1921 provides: "No custodian shall be appointed by the sheriff to take custody of goods by him attached, nor shall any deputy be placed in charge thereof, unless the plaintiff or his attorney shall request the appointment of such custodian in writing; and such custodian or deputy shall receive four dollars per diem of twelve hours, or fraction thereof, which shall be taxed as costs in the case."

Defendants' counsel is mistaken in his assumption that until the passage of this statute there was no law in this state which provides for the payment of compensation to a custodian. If counsel means that there is no such statute, that is true, and technically he is correct. But this court in 1883 (*City Bank of Leadville v. Tucker,* 7 Colo. 220, 3 Pac. 217) held, though no fee has by statute been provided for such purpose, nevertheless a sheriff is entitled to recover the amount of his reasonable disbursements necessarily required in the performance of his official duty in holding attached property by a keeper. So that this custodian statute must be read in the light of the previous decision of this court. Before the passage of the statute a sheriff, it was held in the Tucker case, had the right to appoint a custodian or keeper of attached property without the consent or request by the plaintiff to do so. After the statute was passed the appointment may not be made without the written request of the plaintiff or his attorney, or, as plaintiff asserts, by a subsequent written acknowledgement or recognition of a previous oral request. There was no written request either by the plaintiff elevator company in the attach-

ment suit or by its attorney to the sheriff to appoint a custodian of the attached property. The trial was to the court without a jury. The evidence produced was sufficient to justify a finding that the plaintiff's attorney orally requested the sheriff to appoint a custodian at the time the property was seized. This statute we think is mandatory and we are not disposed to fritter away the intention of the legislature by strained construction. The statute is not of the same character as the statute of frauds which relates to a rule of evidence. Contracts not in writing forbidden thereby are not void but voidable, and may not be established by parol evidence. The statute now before us inhibits the appointment of a custodian without request in writing of the plaintiff or his attorney in an attachment suit. There is no reason apparent to us why the rule under the statute of frauds, that a subsequent written admission of a previous parol agreement generally takes the case out of the statute, should not be applied to our statute regarding appointment of custodians. The trial court must have found, and upon sufficient evidence, that plaintiff's counsel orally requested the appointment when it was made by the sheriff and that afterwards when informed that the sheriff had fixed a per diem compensation in a sum in excess of what counsel believed was right, in a subsequent letter to the sheriff he recognized, and acquiesced in, that appointment and complained only of the amount of the compensation. He expressly said in the letter that if the custodian appointed by the sheriff was willing to serve for $1.00 a day this was satisfactory to him, otherwise, he, the attorney, would arrange to have another man take the job who would serve for such compensation. As the sheriff did not respond to this letter the attorney testifies that he supposed the matter was settled and that the custodian was to receive only $1.00 a day. There is testimony upon which the trial court may have acted that, after the appointment was made to the knowledge of plaintiff's counsel, the parties agreed

that the compensation of the appointee should be at the rate of $2.50 per day. We are inclined, however, to hold since the sheriff, after receipt of this letter from plaintiff's attorney and of a telephone message to the same effect, did not inform the writer that his proposition was not acceptable, that the sheriff is entitled only to $1.00 for each day's service by the custodian. At first blush *Leach v. Eastman,* 182 Mass. 144, 65 N. E. 60, where a construction of a somewhat similar statute of the State of Massachusetts was given, is against the right of any recovery under our statute for custodian's service, unless there is a written request for the appointment at the time it is made. Were it not for the controlling fact in this case of the subsequent written recognition of the previous oral appointment, the Leach case would be applicable, but we think this evidence makes the Leach case not pertinent. The record as abstracted is so confusing and indefinite that it is difficult, if not impossible, for us to ascertain for how many days or at what rate per day such compensation was allowed. We shall not, therefore, attempt to determine for ourselves the amount for which the plaintiff should have judgment but will reverse the judgment as entered and remand the cause with instructions to the district court to set it aside and, in lieu thereof, to render judgment for the plaintiff as compensation for services of the custodian at the rate of $1.00 for each day's service for the length of time the trial court at the trial below found that the custodian was employed and served as such, and include the same in its judgment for the other items of the sheriff's claim which are not in dispute. Judgment is reversed and remanded with instructions.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.