F. J. BUCHER, AS SHERIFF OF FERGUS COUNTY, MONTANA, PLAINTIFF AND RESPONDENT, v. R. B. FRASER AND ROSA-BELLE FRASER, DEFENDANTS AND APPELLANTS.

No. 9987.

Submitted February 20, 1960. Decided August 19, 1960.

354 P.2d 1042.

84

Kurth, Conner & Jones, Billings, Ralph J. Anderson, Stanley P. Sorenson, Helena, for appellants.

Ralph J. Anderson argued orally for appellants.

McKenna & Ronish, Lewistown, for respondent.

J. E. McKenna and Donald E. Ronish argued orally for respondent.

MR. JUSTICE ADAIR delivered the Opinion of the Court.

This is an appeal by R. B. Fraser and Rosabelle Fraser, husband and wife, from a judgment for $1,115.08, together with interest and costs, entered against them and in favor of F. J. Bucher, as Sheriff of Fergus County, Montana, for expenses incurred by such sheriff in keeping and caring for more than four hundred head of livestock, consisting of cattle and horses, as well as considerable other property levied upon, attached, kept and cared for by the sheriff at the special instance and direction of the judgment debtors.

The instant appeal, No. 9987, is the sixth separately numbered proceeding filed in the supreme court since April 1954 which involves some particular phase or outgrowth of district court

civil suit No. 28,056, originally commenced in the district court for Yellowstone County, Montana, on February 18, 1954, and subsequently transferred to the district court for Fergus County where the cause was given No. 19805. See (1) Fraser v. Clark and Owens, No. 9435, decided July 8, 1954, 128 Mont. 160, 273 P.2d 105; (2) State ex rel. Clark & Owens v. District Court, No. 9494, decided January 20, 1955, 128 Mont. 526, 278 P.2d 1000; (3) Fraser v. Clark & Owens, No. 9522, decided April 5, 1955, 129 Mont. 56, 282 P.2d 459; (4) State ex rel. Fraser v. District Court, No. 9529, decided May 4, 1955, 128 Mont. 625, 627, 283 P.2d 223; (5) Central Montana Stockyards v. Fraser, No. 9739, decided December 19, 1957, 133 Mont. 168, 320 P.2d 981, and (6) the instant appeal, supreme court No. 9987, Bucher v. Fraser et ux., decided August 19, 1960, 138 Mont. 83, 354 P.2d 1042.

*Facts.* On February 18, 1954, R. B. Fraser and Rosabelle Fraser, by and through their lawyer, Sterling M. Wood, Esq., of Billings, Montana, commenced in the district court for Yellowstone County, Montana, civil suit bearing Yellowstone County No. 28,056, against E. C. Clark and Evan Owens, seeking and demanding judgment for $28,500 with interest thereon besides interest on the larger sum of $106,500 claimed by the Frasers to be owing to them by Clark and Owens.

Also, on February 18, 1954, at the time of issuing summons in said civil suit No. 28,056, the plaintiffs Fraser, by and through their counsel, Sterling M. Wood, Esq., obtained a writ of attachment out of the district court for Yellowstone County which writ was directed and delivered to the sheriff of Fergus County, Montana, namely, F. J. Bucher, which writ, *inter alia,* did ''command you the said Sheriff, that you attach and safely keep all property of said Defendants within your county, not exempt from execution, or so much thereof as may be sufficient to satisfy the said Plaintiffs' demand * * * unless the said Defendants deposit the amount of Plaintiffs' demand, or give you

security * * * in an amount sufficient to satisfy such demand, besides cost".

On the following day, February 19, 1954, Sterling M. Wood, Esq., as counsel for R. B. Fraser and Rosabelle Fraser, the plaintiffs in civil suit No. 28,056, signed and caused to be delivered to Fred J. Bucher, as sheriff of Fergus County, a typewritten letter, being the plaintiff Bucher's Exhibit "A" herein, which, omitting the printed letterhead of Attorney Wood's law firm, reads:

"Billings, Montana
February 19, 1954

"Mr. Fred J. Bucher, Sheriff
Fergus County
Lewistown, Montana
"Dear Sir:

"Enclosed please find, in Cause No. 28056 instituted in the District Court of the Thirteenth Judicial District of the State of Montana, in and for the County of Yellowstone, entitled R. B. Fraser and Rosabelle Fraser, Plaintiffs, vs. E. C. Clark and Evan Owens, Defendants, the following papers, to-wit:

"1. Original summons and original writ of attachment;

"2. Two copies of summons, complaint and writ of attachment.

"This letter and the attached papers above-mentioned, will be delivered to you by Mr. R. B. Fraser, one of the plaintiffs in said Cause No. 28,056. We request that you immediately serve the papers upon the two defendants, who are residents of your county, by delivering to each of them a copy of the summons, complaint and writ of attachment.

"We further request that you levy the writ of attachment upon sufficient property of the defendants in Fergus County that will be reasonably sufficient to satisfy the demands of the plaintiffs in this lawsuit. Mr. Fraser will go with you in person to help you in making the levy and will point out to you cattle, automobiles and, perhaps, other property to be levied upon and

taken under the writ. Your immediate attention to this matter is requested.

"When the papers have been served and a levy made, please return the original summons and the original writ to this office, with your usual certificates endorsed thereon, together with a statement of your fees, and we will promptly remit in payment of the same.

"Yours very truly,

"SMW :LL        [Signed] Sterling M. Wood

Encl. 8        Sterling M. Wood"

On February 20, 1954, Sheriff Bucher, accompanied by R. B. Fraser, and pursuant to the command of the writ of attachment, and the above express request and directions of Attorney Sterling M. Wood, journeyed to the ranch whereon the property to be attached was located, being approximately 35 miles distant from Lewistown, Montana, where R. B. Fraser pointed out the particular property that he desired attached and which Sheriff Bucher thereupon levied upon, seized, attached and thereafter safely kept and held, being virtually all of the personal property of E. C. Clark and Evan Owens, which property was then and there of the approximate value of $80,000 all located in Fergus County, and consisting, *inter alia*, of a large amount of ranch machinery and equipment, motor trucks, automobiles, work and saddle horses and some 394 head of high grade Hereford cattle, following which levy and seizure the said sheriff made due return thereof as appears from an itemized list of the attached property affixed to and filed with the original writ of attachment so issued.

Following his execution of the writ, Sheriff Bucher hired a man, whom he deputized, to remain with and care for the livestock so levied upon and held and thereafter on February 27, 1954, R. B. Fraser paid to the sheriff the sum of $200 to apply on the expense thus incurred and to be incurred and again on March 8, 1954, Fraser paid to the sheriff an additional $150 on such attachment costs and expenses.

Sheriff Bucher asserts that the foregoing payments were made pursuant to an agreement made with Fraser that he, Fraser, would pay all expenses, costs and outlays made in safely keeping and caring for the attached property.

On the other hand, R. B. Fraser asserts that it was his understanding that the sheriff was to obtain an order of court for the hiring of a keeper or keepers for the herd of cattle so seized, levied upon, attached and kept.

The record shows that on March 17, 1954, Sheriff F. J. Bucher, accompanied by his lawyer, J. E. McKenna, Esq., journeyed from Lewistown to Billings, Montana, with the intent and purpose to there present to District Judge Guy C. Derry, before whom said civil suit bearing Yellowstone County district court No. 28,056, was then pending, a typewritten petition for a court order for the hiring of a keeper or keepers for the cattle so held under attachment and that after inspecting the petition, Judge Derry telephoned Sterling M. Wood, as counsel for the Frasers, following which telephone conversation, Attorney Wood presented himself at the Yellowstone County courthouse where he talked with both Sheriff Bucher and with the latter's counsel, J. E. McKenna, Esq., regarding the necessity for obtaining such court order.

Both the sheriff and his counsel represent that at that time and place, Attorney Wood informed them that he did not desire to have a court order made and entered for the hiring of a keeper or keepers; that the manner in which the seized cattle were then being handled and cared for was satisfactory and that his client, R. B. Fraser, would pay all expenses incident to such attachment.

Attorney Wood denied these representations of Sheriff Bucher and of his counsel, J. E. McKenna, Esq.

Notwithstanding such denial, it is quite significant that following such meeting with Attorney Sterling M. Wood at the courthouse in Billings, Sheriff Bucher and his lawyer, Mr. McKenna, returned to Lewistown without filing, in the district

court for Yellowstone County, in said civil action No. 28,056, their already prepared typewritten petition for the appointment of keepers for the cattle so held pursuant to the mandate of the writ of attachment so issued on February 18, 1954.

On August 6, 1954, and after the cause bearing Yellowstone County No. 28,056 had been transferred to Fergus County where it was given Fergus County No. 19,805, the district court for Fergus County, on the petition of E. C. Clark and Evan Owens, the defendants in said civil suit, made and entered an order releasing and discharging from the attachment 4 International Tractors, 1 Ford with Wagoner Fork, 3 International Mowers, 4 hay racks, 5 sections of harrow, 1 trailer, 1 Dodge car, 1 Chevrolet Sedan, 1 Ford truck with stock rack, 1 jeep, 2 work horses, 9 saddle horses, and 36 head of dry 2-year old heifers.

No problem is presented on this appeal as to the described farm machinery, equipment and appliances, so discharged and released from attachment.

The instant action is concerned with the expenses and outlay incident to keeping and caring for the 394 head of cattle and their calves that were held under the attachment until April 5, 1955, when such attachment, having been shown to be wrongful, was dissolved by order of this court. See Fraser v. Clark & Owens, 129 Mont. 56, 282 P.2d 459.

The evidence discloses that during the period the attachment was in effect, Sheriff Bucher experienced extreme difficulty in obtaining such money as he was able to collect from R. B. Fraser to repay and reimburse the officer for the expenses incurred and the outlay made by him in keeping and caring for the attached herd of cattle, and that finally the sheriff was forced to resort to the courts and there petition for assistance to compel the Frasers to pay the balance owing from them to the sheriff for his outlay in their behalf.

On September 9, 1954, Sheriff Fred J. Bucher filed in the district court for Fergus County in said civil action No. 19,805

his duly verified petition seeking either a release and discharge of the attachment or a court order requiring R. B. Fraser to pay the sum legally due Sheriff Bucher under his agreement with Fraser.

In his above petition, Sheriff F. J. Bucher, *inter alia*, stated under oath:

"That on various and many occasions your petitioner has contacted the above-named plaintiffs and also their Attorneys in an attempt to obtain sufficient moneys to run and operate and care for said cattle so held under attachment; that on or about the 20th day of March, 1954, this affiant went before the District Court at Billings, Montana, to obtain the appointment of a Custodian for said cattle, and that the plaintiffs, through their Attorneys, appeared and agreed that the costs of taking care of the livestock would be furnished and provided to the Sheriff, your petitioner herein, by the plaintiffs, and that it would not be necessary to appoint a Custodian for the care of said livestock; upon said representations made to the Sheriff at that time, the move to obtain a Custodian through appointment by the Court was dropped, and for sometime thereafter the plaintiffs did furnish to the affiant, the petitioner herein, sufficient funds to pay the costs of a Deputy Sheriff to care for said cattle and necessary costs in the caring and operating of said cattle upon the range, and necessary feed therefor; that the Petitioner herein has constantly over the period of time elapsing since then been required to make requests and demands for sufficient funds to maintain said Deputy Sheriff or keeper in charge of said cattle, and other costs accruing for the care of said cattle upon the range, but during all of said time the said plaintiffs have gotten behind in said payments, and at the present time, the Sheriff of Fergus County, Montana, has expended over $800.00 of his own money to keep said Deputy Sheriff or keeper in charge of said cattle, and to pay and maintain the costs of oper-

ating and caring for said cattle upon the range where they are now pastured;

"As time goes on, the cost of maintaining and caring for said cattle is going to increase, for it will be necessary to buy hay and employ additional help to take care of said cattle and care for same during the colder months of the Winter;

"That in recent weeks, this Affiant, your petitioner herein, has made several demands upon both of the Attorneys for plaintiffs and upon the plaintiffs personally, to pay the amount now due to the Sheriff of more than $800.00, and that said plaintiffs have neglected and refused to pay the same and the Attorneys for the plaintiffs have neglected and refused to pay the same, although they have been notified of the indebtedness by this petitioner, and demand has been made upon the said Attorneys and said plaintiffs for the payment of the same, and they have refused and neglected to advance or to pay said costs or any part thereof;

"That this petitioner is a person of limited means and cannot afford to maintain the costs of said care and maintenance of said livestock and cattle, and cannot pay the said Deputy Sheriff or keeper or other costs necessary to carry on and maintain said attachment, and has reached the limit of his resources therefor, and that petitioner now respectfully petitions the Court that the said attachment be released and discharged, or that the said plaintiffs be required to pay the amounts due hereinbefore stated which, at this date, is the sum of $800.78, which affiant has expended in the care and maintenance of said livestock, together with the costs of a Deputy Sheriff to care for same and other costs;

"An itemized statement of said costs is hereto attached and made a part hereof for all intents and purposes, and marked Exhibit 'A'."

In his above petition, a copy whereof was duly served upon

the Frasers and their counsel, the sheriff set out all the necessary expenses and outlays made by him in behalf of the Frasers, but they wholly failed and omitted to answer such petition or any of the sworn statements made by Sheriff F. J. Bucher therein.

Instead of answering or otherwise pleading to the foregoing petition, R. B. Fraser made a partial payment on the balance he was then owing to the sheriff, and then obtained a continuance of the hearing that had been ordered on the petition.

The evidence also discloses that even at this late date, it became and was a constant endeavor and struggle to prevail upon Fraser to repay the balance of the money that the sheriff had expended in safely keeping and caring for the attached herd of cattle for at no time did Fraser see fit to pay in full any statement furnished him of his account with the sheriff with the result that, by the date in April 1955, whereon the attachment was finally dissolved by order of this Court, R. B. Fraser then owed the sheriff in excess of $1,100.

Unable to collect the balance owing to him, Sheriff Bucher, on July 1, 1955, filed this suit against R. B. Fraser and Rosabelle Fraser, his wife.

In their answer to the plaintiff Bucher's complaint, the Frasers pleaded as an affirmative defense that the services were not worth what the sheriff charged; that the sheriff had not properly attached and kept the property; that the sheriff had neglected to have keepers appointed by the district court pursuant to the provisions of section 25-226, R.C.M. 1947, for which reason he was not entitled to reimbursement for the cost of the keepers and further that the Frasers had been overcharged by the sheriff by virtue whereof the Frasers demanded judgment against the sheriff in the sum of $2,025.08.

The trial was by a judge sitting without a jury. Written findings of fact and conclusions of law were filed wherein the court held that the sheriff was entitled to a judgment against the Frasers in the amount of $1115.08 plus interest and costs.

From the judgment so given and entered the Frasers have appealed.

R.C.M. 1947, § 25-226, in part, provides: "(2) For the expense in taking and keeping possession of and preserving property under attachment, execution or other process, such sum as the court or judge may order, not to exceed the actual expense incurred, and no keeper must receive to exceed five dollars ($5.00) per day and no keeper must be employed without an order of court, nor must he be so employed unless the property is of such character as to need the personal attention and supervision of a keeper. No property shall be placed in charge of a keeper if it can be safely and securely stored, or where there is no reasonable danger of loss."

Appellants contend that section 25-226, supra, is mandatory; that strict and full compliance therewith must be shown before the sheriff may recover his expenses and outlays for the cost of the keepers; that the parties procuring the attachment owe nothing to the sheriff unless and until the sheriff has obtained a court order allowing him to employ keepers; and that the provisions of the statute, section 25-226, may not be waived by or through any private contract or agreement with the sheriff. We do not so read the statute.

R.C.M. 1947, § 49-105, provides: "Any one may waive the advantage of a law intended solely for his benefit. But a law established for a public reason cannot be contravened by a private agreement."

Clearly the provisions of section 25-226, supra, are for the benefit and protection of the parties litigant and are for the benefit and protection of the sheriff who is directed to make the seizure and levy.

In the early case of Sullivan v. Utah & N. Ry. Co., 11 Mont. 236, 28 P. 307, a sheriff had been requested to hire extra deputies to protect certain property which the railway deemed in danger. An express agreement was entered into that the railway would pay the expenses of the extra help. The sheriff was forced

to bring suit to collect. The railway's defense was that the statute prohibited the sheriff from asking or receiving extra compensation by providing: "No sheriff shall, directly or indirectly ask, demand, or receive, for any service to be by him performed in the discharge of any of his official duties, any greater fees than are allowed by law." Comp.St.1887, div. 5, § 864.

In that case it was shown that the sheriff felt the employment of extra help was unnecessary; that he was sure that with his regular staff he could perform any duties which he deemed necessary, and that in the face of this the railway company asked for and obtained special help to aid the sheriff even though he felt it was neither needed nor necessary.

In holding that the railway company should pay the compensation necessary for the services of the extra help the court said, quoting from Succession of Irwin, 12 La.Ann. 676:

" 'We know of no principle of law which forbids a man who is threatened with violence, or deems it necessary to his personal security, to employ about him persons capable of rendering him efficient assistance in case of need.' * * *

"We think, therefore, that the contract referred to in the answer and evidence, which was entered into between the appellant and respondent, *can be enforced in this action.*" Emphasis supplied. [28 P. 310]

The right to contract over and above the fees allowed by law is similarly implied in the case of Noel v. Cowan, 80 Mont. 258, 260 P. 116.

There is authority to the effect that these statutory limitations are solely to protect the parties in the action in regard to costs. Such is implied in Noel v. Cowan, supra. Also see Edinger v. Thomas, 9 Colo.App. 151, 47 P. 847, and Farmers' Union Milling and Elevator Co. v. Smith, 79 Colo. 277, 245 P. 346.

We find no rule in Montana that bars an attaching creditor from entering into a private agreement with the sheriff to pay such sheriff out of the attaching creditor's own pocket

additional compensation over and above that contemplated by the statute.

■ In the instant case, the evidence is clear and convincing that R. B. Fraser through his attorney, Sterling M. Wood, Esq., entered into an agreement to pay the costs and expenses that would be incurred by the sheriff in safely keeping and properly caring for the attached property that was in his custody.

■ Furthermore, we find considerable substantial evidence in the record before us to establish, as a fact, that the plaintiffs Fraser through their attorney, Sterling M. Wood, Esq., persuaded the sheriff that it was wholly unnecessary for him to use the statutory procedure providing for obtaining a court order authorizing the appointment of a keeper or keepers. For these reasons, we find no merit in the contention that the provisions of section 25-226, supra, constitute a defense herein to the claim and right of the sheriff to be reimbursed for his expenses and outlay in carrying out the directions of the Frasers and their counsel in seizing, keeping and caring for the herd of attached cattle.

The evidence in the instant case is to the effect that the Frasers' attorney made an agreement and reaped the benefits thereof. No competent evidence was presented that at any time *while the attachment was in effect* either the Frasers or their attorney ever repudiated the agreement to pay the sheriff for his expenses and outlay in their behalf. The contention that the Frasers' attorney exceeded his authority is wholly without merit.

■ The Frasers have challenged the reasonableness of the sheriff's expenses and outlay. In view of the perishable nature, the great value of the attached property, and the close and constant supervision required, together with the additional burden placed upon the sheriff because of the constant bickering and numerous court actions and proceedings involving the parties to the original action out of which this attachment arose, we are satisfied that the expenses and outlay of the sheriff were and are reasonable. No evidence was offered that the work could

have been performed with less travel or for less money. The expenses shown are minimum expenses and were properly and legally incurred.

The judgment of the district court is affirmed.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES BOTTOMLY, ANGSTMAN and CASTLES concur.