

# The Attorney General of Texas

April 15, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Reynaldo F. Luna
County Attorney
Duval County
San Diego, Texas 78384

Opinion No. MW-172

Re: Authority of commissioners court with regard to appointment of an assistant county attorney.

Dear Mr. Luna:

You ask several questions regarding the appointment of an assistant county attorney. You have provided some information about the factual background to your request. At the time of the October budget hearing for 1980, the commissioners court left the position of the assistant county attorney out of the budget. The county judge stated that the position was not being abolished, but that the funds were being transferred from the county attorney's budget to the general fund. Your former assistant resigned effective December 31, 1979, and you appointed a new assistant. The commissioners court vetoed the appointment of your assistant. You nonetheless have been paying your assistant out of your salary pending a legal determination of his salary. The commissioners court has contracted with another attorney to represent the county in litigation, provide legal advice, and perform other legal services.

You have asked several questions, which we combine in order to answer them more easily. Your first two questions concern whether the commissioners court may legally veto the appointment of an assistant county attorney for various reasons. Article 332a, V.T.C.S., governs the employment of assistant county attorneys. It repeals conflicting statutes to the extent of conflict. V.T.C.S. art. 332a, § 9. We believe article 332a, V.T.C S., repeals articles 331 and 3902, V.T.C.S., insofar as they require the consent of the commissioners court to the appointment of assistant county attorneys. Article 332a, V.T.C.S., authorizes the county attorney to hire his assistants without the consent of the commissioners court. See Attorney General Opinion H-908 (1976). The commissioners court may, however, veto the salary set by the county attorney for his assistant. Attorney General Opinion H-922 (1977).

You next ask whether the county attorney must ask the commissioners court for its yearly consent to make the position of assistant county attorney available. As we said in answer to your first question, the county

attorney appoints his assistants and sets their salaries. The commissioners court may, however, reject the salary proposed by the county attorney. See Attorney General Opinion H-908 (1976). The county attorney may then propose a different salary.

You next ask what would constitute an attempt to influence the selection of a deputy or assistant within the prohibition contained in article 3902, V.T.C.S. While this statute no longer applies to the appointment of an assistant county attorney, the prohibition against an attempt by the commissioners court or any member thereof "to influence the apointment of any person as deputy, assistant or clerk in any office" continues to apply. Your question requires a resolution of factual issues unique to each case and cannot be addressed in the opinion process.

You finally ask whether the county attorney may pay the wages of his assistant out of his own personal funds because the commissioners court has refused to authorize a salary. Attorney General Opinion O-3448 (1941) states that a county attorney is not prohibited from paying an assistant additional compensation from his own funds. This opinion has not been overruled and we believe it still correctly states the law. Although numerous judicial opinions state that an officer may not contract to receive compensation greater than that fixed by law, those cases involve attempts to grant him additional compensation from public funds or to get compensation from members of the public for services they were entitled to receive gratuitously. Crosby County Cattle Co. v. McDermett, 281 S.W. 293 (Tex. Civ. App. — Amarillo 1926, no writ); Jones v. Veltmann, 171 S.W. 287 (Tex. Civ. App. — San Antonio 1914, writ ref'd); Stringer v. Franklin County, 123 S.W. 1168 (Tex. Civ. App. 1909, no writ). We do not believe the county attorney is barred from voluntarily paying additional compensation to his assistant.

## SUMMARY

Article 332a, V.T.C.S., authorizes the county attorney to employ his assistants without the consent of the commissioners court. The commissioners court may, however, reject the salary proposed by the county attorney. The county attorney may pay his assistant additional salary out of his own funds.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
Walter Davis
Susan Garrison
Rick Gilpin
Bruce Youngblood