# The Attorney General of Texas

December 21, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Tex 910/874-1367
Telecopier 512/475-0266

4 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

24 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
3/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
06/747-5238

309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

00 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Houston Munson
District Attorney
25th Judicial District
P. O. Box 99
Gonzales, Texas    78629

Opinion No. JM-264

Re:    Whether    a    county    tax
assessor-collector    may    retain
fees    for    clericals    and    work
performed in aiding an attorney
hired by the county to collect
delinquent taxes, and related
questions

Dear Mr. Munson:

You ask us the following two questions:

> 1. Is a county entitled to retain those
> monetary benefits as a fee of office paid to the
> county tax collector's office staff for clerical
> work performed by said office on county time in
> aiding the attorney hired by the county to collect
> delinquent taxes, or do said benefits belong to
> the office staff?

> 2. Is a county entitled to retain those sums
> of money as a fee of office paid by automobile
> dealers to the county tax collector's office for
> copies of motor vehicle registration lists pre-
> pared by said office on county time and furnished
> to said automobile dealers, or do said benefits
> belong to the office staff?

Your letter states that the office of the Guadalupe County tax
collector has assisted the attorney hired by the county to collect
delinquent taxes by preparing lists of names of delinquent taxpayers
and sending notices of delinquencies to these taxpayers.  In return,
the attorney paid a sum of money to the tax collector's office which
was divided among the tax collector and his deputies.  This sum of
money was paid by the attorney to the tax collector's office once a
year.  The lists were prepared by county employees during regular
working hours.

Additionally, employees of the tax collector's office prepared
lists of all motor vehicles sold and registered in Guadalupe County.
These lists were photocopied and distributed to area automobile

dealers on a regular basis.  The automobile dealers paid a monthly sum
of money that again was divided among the employees of the tax office.
Likewise, these lists were prepared by county employees during regular
working hours.

Both of your questions ask about the proper disposition of
certain monies received and retained by the office of county tax
assessor-collector.  Both questions appear to presuppose the propriety
of the county's retaining such monies in the first place; your only
concern appears to be to whom such funds should be distributed, the
county or the clerical staff actually performing the work.  We must
first answer, however, the threshold question, the answer to which you
presuppose, as to whether the county tax assessor-collector is
entitled to accept such monies in the first place.  We conclude that
he is not authorized to do so.

Generally, a public officer has no authority to perform an act
not authorized or requested of him by law.  Duncan v. State, 67 S.W.
903 (Tex. Civ. App. 1902, no writ).

> All public offices and officers are creatures
> of law.  The powers and duties of public officers
> are defined and limited by law.  By being defined
> and limited by law, we mean the act of a public
> officer must be expressly authorized by law, or
> implied therefrom.

Fort Worth Cavalry Club v. Sheppard, 83 S.W.2d 660, 663 (Tex. 1935).
Specifically, an officer may not charge a fee for the performance of a
particular duty unless a fee is provided by law and its amount thereby
fixed.  Nueces County v. Currington, 162 S.W.2d 687 (Tex. 1942);
McCalla v. City of Rockdale, 246 S.W. 654 (Tex. 1922); Binford v.
Robinson, 244 S.W. 807 (Tex. 1922).  Nor may he receive extra
compensation for performing a duty otherwise imposed upon him by law.
See Hill Farm, Inc. v. Hill County, 425 S.W.2d 414 (Tex. Civ. App. -
Waco 1968), aff'd, 436 S.W.2d 320 (Tex. 1969); Jones v. Veltmann, 171
S.W. 287 (Tex. Civ. App. - San Antonio 1914, writ ref'd); Attorney
General Opinions JM-135 (1984); O-3656 (1941); O-2610 (1940); O-864
(1939); cf. Attorney General Opinion MW-483 (1982).

The tax assessor-collector is required by statute to make a list
of delinquent taxpayers and to notify those persons whose names appear
on the list of their delinquent status.  Tax Code §§33.03, 33.04.  If
the notices about which you inquire are those required by the code to
be prepared and sent out, the tax assessor-collector clearly may not
charge for them.  If, on the other hand, the notices at issue were
prepared in addition to those which the code requires, the tax
assessor-collector may likewise not impose a charge because he had no
statutory authority to prepare them in the first place.  There is no
provision in the Tax Code which purports to confer authority on the
county tax assessor-collector to enter into an agreement with a

private delinquent tax attorney whereby county employees perform certain clerical tasks in return for consideration.

It is true that while a public officer may not receive extra compensation for performing a statutory duty, he

> may earn a reward, if he is under no obligation because of his official character to do the particular act for which the reward is promised. The general principle prohibiting public officers from receiving rewards for the performance of their official duties does not prevent them from entering into agreements with private individuals to render unofficial services in consideration of direct compensation being paid for such services.

22 R.C.L. Public Officers ¶235 (1918), noted in Crosby County Cattle Co. v. McDermett, 281 S.W. 293, 294 (Tex. Civ. App. - Amarillo 1926, no writ); see also Morris v. Kasling, 15 S.W. 226, 227 (Tex. 1890). There is no indication, however, that the work was performed by the county employees acting in a private capacity. Even if such were the case, the employees of the tax collector's office would still be prohibited from retaining the money if the services were performed during working hours using "any equipment, supplies or anything of value belonging to the county." Attorney General Opinion O-6782 (1945); see also Attorney General Opinions V-14 (1947); O-6908 (1945). Thus, in regard to your first question, it is our opinion that the tax collector of Guadalupe County, or his personnel, may not lawfully retain the fees for preparing delinquent tax lists.

We now turn to your second question, concerning the collection of fees for copies of lists of motor vehicles that were sold and had titles registered in Guadalupe County. The Texas County Records Manual, prepared under the authority of article 5442c, V.T.C.S., is an "official, legal guide to records retention requirements for Texas county officials." Texas County Records Manual, at ix (1978). The Manual requires a county tax assessor-collector to retain (for varying periods of time) lists of motor vehicles registered in the county and reports on motor vehicle transfers. Texas County Records Manual, at B-223 (1978). The lists would be considered public information under section 3(a) of the Open Records Act, article 6252-17a, V.T.C.S., which states that

> [a]ll information collected, assembled, or main-tained by governmental bodies pursuant to law or ordinance or in connection with the transaction of official business is public information and avail-able to the public during normal business hours of any governmental body. . . .

When a person applies for a list of motor vehicles registered and sold in Guadalupe County, the tax collector's office is required to produce the information promptly.  V.T.C.S. art. 6252-17a, §4.

The employees are simply discharging their duty to provide public information in accordance with section 3 of article 6252-17a and are paid by the county for discharging such duties.

### S U M M A R Y

Because the Guadalupe County tax assessor-collector is required by statute to prepare a list of delinquent taxpayers and to provide the public with information of all the motor vehicles registered in the county, he has no authority to collect fees therefore either in public or private capacity.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Bruce Youngblood